TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and
potential Rule 23 Class*

**Case No. 19-cv-01625**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

LETICIA STIDHUM and
DAVID MANRIQUE,
*on their own behalf and on behalf of others similarly
situated*

Plaintiffs,

v.

161-10 HILLSIDE AUTO AVE, LLC
    d/b/a Hillside Auto Outlet; and
HILLSIDE AUTO MALL INC
    d/b/a Hillside Auto Mall;
ISHAQUE THANWALLA, and
RONALD M BARON

Defendants.

-------------------------------------------------------------- x

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

       Plaintiffs LETICIA STIDHUM and DAVID MANRIQUE (hereinafter referred to as

Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney,

Troy Law, PLLC, hereby bring this complaint against Defendants 161-10 HILLSIDE AUTO

AVE, LLC d/b/a Hillside Auto Outlet; and HILLSIDE AUTO MALL INC d/b/a Hillside Auto

Mall; ISHAQUE THANWALLA, and RONALD M BARON, and allege as follows:

## INTRODUCTION

       1.     This action is brought by the Plaintiffs LETICIA STIDHUM, and DAVID

MANRIQUE, on behalf of themselves as well as other employees similarly situated, against

the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. §

201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages, unpaid minimum wage and unpaid overtime wage compensation, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.    Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid wages, unpaid minimum wage and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred

percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment

interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy

under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the

NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§

1391(b) and (c), because Defendants conduct business in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      From on or about May 20, 2018 to January 14, 2019, Plaintiff LETICIA

STIDHUM was employed by Defendants to work as a car salesperson at 161-10 HILLSIDE

AUTO AVE, LLC d/b/a Hillside Auto Outlet at 161-10 Hillside Ave, Jamaica NY 11432; and

HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall at 150-01 Hillside Ave, Jamaica, NY

11432.

8.      From on or about August 01, 2017 to January 14, 2019, Plaintiff DAVID

MANRIQUE was employed by Defendants to work as a car salesperson at 161-10 HILLSIDE

AUTO AVE, LLC d/b/a Hillside Auto Outlet at 161-10 Hillside Ave, Jamaica NY 11432; and

HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall at 150-01 Hillside Ave, Jamaica, NY

11432.

## DEFENDANTS

*Corporate Defendants*

9.      Defendant 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet is a domestic business corporation organized under the laws of the State of New York with a principal address at 161-10 Hillside Ave, Jamaica NY 11432.

10.     161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet purchased and handled goods moved in interstate commerce.

12.     Defendant HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall is a domestic business corporation organized under the laws of the State of New York with a principal address at 150-01 Hillside Avenue, Jamaica, NY 11432.

13.     HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

15.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

16.     ISHAQUE THANWALLA, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Hillside Auto Outlet, 161-10 Hillside Ave, Jamaica, NY 11432.

17.     ISHAQUE THANWALLA interviewed Plaintiff LETICIA STIDHUM.

18.     ISHAQUE THANWALLA interviewed and hired Plaintiff DAVID MANRIQUE.

19.     ISHAQUE THANWALLA did fire Hillside Auto employees including Kevin and Mike.

20.     ISHAQUE THANWALLA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Hillside Auto Outlet, 161-10 Hillside Ave, Jamaica, NY 11432.

21.     RONALD M BARON and Chief Executive Officer of Hillside Auto Mall, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Hillside Auto Outlet, 161-10 Hillside Ave, Jamaica, NY 11432.

22.     RONALD M BARON signed the checks for the company's accountant.

23.     RONALD M BARON acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Hillside Auto Outlet, 161-10 Hillside Ave, Jamaica, NY 11432.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

24.     Upon information and belief, Corporate Defendants 161-10 HILLSIDE AUTO

AVE, LLC d/b/a Hillside Auto Outlet; and HILLSIDE AUTO MALL INC d/b/a Hillside

Auto Mall are joint employers of Plaintiffs and constitute an enterprise as the term is defined

by 29 USC §203(r) insofar as they share staff, including Plaintiffs, pay Plaintiffs as the

shareholders of the enterprise, advertise the Corporate Defendants as an enterprise, and are

otherwise engaged in related activities performed through unified operation and/or common

control for a common business purpose, and are co-owned by the same partners.

25.     At all times relevant herein, 161-10 HILLSIDE AUTO AVE, LLC d/b/a

Hillside Auto Outlet; and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall was, and

continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

26.     At all relevant times, the work performed by Plaintiffs was directly essential to

the business operated by 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet;

and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall.

### Wage and Hour Claims

27.     There are at least sixty (60) to sixty five (65) car salespeople at the Hillside

Auto Outlet and Mall.

28.     Defendants committed the following alleged acts knowingly, intentionally and

willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### Plaintiff LETICIA STIDHUM

29.     From on or about May 20, 2018 to January 14, 2019, Plaintiff LETICIA

STIDHUM was employed by Defendants to work as a car salesperson at 161-10 Hillside Ave,

Jamaica NY 11432.

30.    From on or about May 20, 2018 to October 04, 2018, Plaintiff LETICIA

STIDHUM's regular work schedule ran from 10:00 to 20:00 for ten (10) hours on Mondays,

Tuesdays, Thursdays and Fridays for four (4) days and forty (40) hours a week; from 09:30 to

20:00 for ten and a half (10.5) hours on Saturdays for one (1) day; and from 11:00-18:00 on

Sundays for seven (7) hours for one (1) day, for a total of fifty seven and a half (57.5) hours

each week.

31.    From on or about October 05, 2018 to January 14, 2019, Plaintiff LETICIA

STIDHUM's regular work schedule ran from 10:00 to 20:00 for ten (10) hours on Mondays,

Tuesdays, Thursdays and Fridays for four (4) days and forty (40) hours a week; from 09:30 to

20:00 for ten and a half (10.5) hours on Saturdays for one (1) day for fifty and a half (50.5)

hours each week.

32.    At all relevant times, Plaintiff LETICIA STIDHUM did not have a fixed time

for lunch or for dinner.

33.    Instead, Hillside Auto employees had to "eat and run" because there was no

separate lunch time.

34.    At all relevant times, Plaintiff LETICIA STIDHUM was paid a base pay of

three hundred dollars ($300) per week plus one hundred fifty dollars ($150) per car sold.

35.    Plaintiff LETICIA STIDHUM regularly sold an average of between twenty

five (25) and thirty one (31) cars a month.

36.    Further, at all relevant times, Plaintiff LETICIA STIDHUM was promised a

5% commission on each car that was sold for more than Three Thousand Five Hundred

Dollars ($3,500).

37.     However, Plaintiff LETICIA STIDHUM was only paid for that commission from May 20, 2018 to August 24, 2018.

38.     Between May 20, 2018 to August 24, 2018, her weekly pay would consist of: (1) Three Hundred Dollars ($300) in base pay; (2) on average, between eight hundred and one thousand fifty dollars ($1,050) in commission for cars sold at a rate of $150 per car sold; and (3) an additional one thousand five forty hundred dollars ($1,540) in commission of 5% for each car sold in excess of three thousand five hundred ($3,500) dollars.

39.     As a result, between May 20, 2018 to August 24, 2018, her weekly pay would be approximately Two Thousand Seven Hundred Sixty Six Dollars ($2,766).

40.     Between August 25, 2018 and January 14, 2019, her weekly pay would consist of: (1) Three Hundred Dollars ($300) in base pay; (2) on average, between eight hundred and one thousand fifty dollars ($1,050) in commission for cars sold at a rate of $150 per car sold.

41.     Plaintiff was owed the entirety of the commission of 5% for each car sold in excess of three thousand five hundred ($3,500) dollars, which would average one thousand five forty hundred dollars ($1,540).

42.     As a result, between May 20, 2018 to August 24, 2018, her weekly pay would be approximately Two Thousand Seven Hundred Sixty Six Dollars ($2,766).

43.     In addition to the base pay, Plaintiff LETICIA STIDHUM received a flat one hundred fifty dollars ($150) per car sold.

44.     Plaintiff LETICIA STIDHUM regularly sold an average of twenty five (25) cars a month.

45.     As a result, she received roughly seven hundred fifteen dollars and thirty eight cents ($715.38) additional for her weekly pay.

46.  At all relevant times, Plaintiff LETICIA STIDHUM was not paid overtime pay for overtime work.

47.     At all relevant times, Plaintiff LETICIA STIDHUM was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

48.     Throughout her employment, Plaintiff LETICIA STIDHUM was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

49.     Throughout her employment, Plaintiff LETICIA STIDHUM was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

50.     Throughout her employment, Plaintiff LETICIA STIDHUM was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

**Plaintiff DAVID MANRIQUE**

51.     From on or about August 01, 2017 to January 14, 2019, Plaintiff DAVID MANRIQUE was employed by Defendants to work as a car salesperson for HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall and 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet.

52.     Initially, DAVID MANRIQUE worked for Defendants as a car salesperson at HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall at 150-01 Hillside Avenue, Jamaica, NY 11432.

53.     Thereafter, DAVID MANRIQUE worked for Defendants as a car salesperson

at 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet at 161-10 Hillside Ave, Jamaica, NY 11432.

54.    From on or about August 01, 2017 to November 01, 2017, Plaintiff DAVID MANRIQUE's regular work schedule ran from 10:00 to 20:00 for ten (10) hours for six (6) days for a total of sixty (60) hours each week.

55.    From on or about November 01, 2017 to December 31, 2017, Plaintiff DAVID MANRIQUE's regular work schedule ran from 10:00 to 22:00 for twelve (12) hours on Mondays through Saturdays for six (6) days; and from 10:00 to 20:00 for ten (10) hours on Sundays for one (1) day for a total of eighty two (82) hours each week.

56.    From on or about January 01, 2018 to January 14, 2019, Plaintiff DAVID MANRIQUE's regular work schedule ran from 10:00 to 22:00 for twelve (12) hours for six (6) daysfor Mondays through Saturdays for a total of seventy two (72) hours each week.

57.    At all relevant times, Plaintiff DAVID MANRIQUE did not have a fixed time for lunch or for dinner.

58.    Instead, Hillside Auto employees had to "eat and run" because there was no separate lunch time.

59.    From August 01, 2017 to November 01, 2017, Plaintiff DAVID MANRIQUE was paid a base pay of three hundred dollars ($300) per week plus one hundred fifty dollars ($150) per car sold.

60.    From November 01, 2017 to January 14, 2019, Plaintiff DAVID MANRIQUE was paid a base pay of three hundred fifty dollars ($350) per week plus one hundred fifty dollars ($150) per car sold.

61.    Further, from May 01, 2018 onwards, Plaintiff DAVID MANRIQUE was

promised a 5% commission on each car that was sold for more than Three Thousand Five Hundred Dollars ($3,500).

62.    However, Plaintiff DAVID MANRIQUE was only paid for that commission from May 20, 2018 to August 24, 2018.

63.    Plaintiff DAVID MANRIQUE regularly sold an average of fifteen cars from August 01, 2017 to October 31, 2017.

64.    Plaintiff DAVID MANRIQUE regularly sold an average of twelve cars from Novebmer 01, 2017 to January 14, 2019.

65.    At all relevant times, Plaintiff DAVID MANRIQUE was not paid overtime pay for overtime work.

66.    At all relevant times, Plaintiff DAVID MANRIQUE was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

67.    Throughout his employment, Plaintiff DAVID MANRIQUE was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

68.    Throughout his employment, Plaintiff DAVID MANRIQUE was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

69.    Throughout his employment, Plaintiff DAVID MANRIQUE was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

70.     Plaintiffs  bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

71.     Plaintiffs  bring  their  NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

72.     All said persons, including Plaintiffs, are referred to herein as the "Class."

73.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

74.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the

calculation of the number is presently within the sole control of the Defendants, upon

information and belief, there are more than forty (40) members of the class.

### *Commonality*

75.     There are questions of law and fact common to the Class which predominate

over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiffs  and the Class within the meaning of

the New York law;

b.     Whether Plaintiffs  and Class members are promised and not paid their

promised wages;

c.     Whether Plaintiff  and Class members are not paid at least the hourly minimum

wage for each hour worked;

d.     Whether Plaintiffs  and Class members are entitled to and paid overtime at

their promised hourly wage under the New York Labor Law;

e.     Whether Defendants maintained a policy, pattern and/or practice of failing to

pay Plaintiffs  and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.     Whether Plaintiff and Class members are required to provide and maintain

tools of the trade on Defendants' behalf at their own cost;

g.     Whether Defendants maintained a policy, pattern and/or practice of failing to

provide requisite statutory meal periods;

h.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and

payday at the start of Plaintiffs  and the Rule 23 Class's start of employment and/or timely

thereafter;

i.     Whether Defendants provided paystubs detailing the rates of pay and credits

taken towards the minimum wage to Plaintiffs  and the Rule 23 class on each payday; and

        j.      At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

*Typicality*

      76.     Plaintiffs'  claims are typical of those claims which could be alleged by any

member of the Class, and the relief sought is typical of the relief that would be sought by each

member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or

overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefitted from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiffs  and other Class members sustained similar losses,

injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

      77.     Plaintiffs  are  able to fairly and adequately protect the interests of the Class

and have no interests antagonistic to the Class. Plaintiffs  are  represented by attorneys who

are experienced and competent in representing Plaintiffs in both class action and wage-and-

hour employment litigation cases.

*Superiority*

      78.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage-and-hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously,

efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of the Plaintiffs  and the FLSA Collective]**

80.　　Plaintiffs  re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81.　　At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs  in full, and the similarly situated collective action members, for some or all of the hours they worked.

82.　　The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

83.　　Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs  and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of Plaintiff and Rule 23 Class]**

84.　　Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

85.　　At all relevant times, Plaintiffs  are  employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

86.　　At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

87.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

88.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

89.     Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

90.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

91.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

92.     Defendants' failure to pay Plaintiffs  and the FLSA Collective their overtime pay violated the FLSA.

93.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs  and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

94.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

95.     Defendants willfully failed to notify Plaintiffs  and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

96.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs  and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs  and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

97.     Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

98.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

99.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs  at one and one-half times the hourly rate the Plaintiffs  and the class are entitled to.

100.    Defendant' failure to pay Plaintiffs  their  overtime pay violated the NYLL.

101.    Defendants' failure to pay Plaintiffs  was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

102.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

103.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

104.    Defendants' failure to pay Plaintiffs  spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

105.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

106.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

107.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

108.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

109.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

### COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

110.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

111.    Defendants did not maintain, establish and preserve Plaintiffs'  weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

112.    As a result of Defendants' unlawful conduct, Plaintiffs  have  sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

113.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs  in order to facilitate their exploitation of Plaintiffs'  labor.

114.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

### COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and Rule 23 Class]**

115.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

116.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

117.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

118.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

119.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
**[Violation of New York Labor Law—Failure to Provide Wage Statements
Brought on behalf of Plaintiff and Rule 23 Class]**

120.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

121.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

122.    Defendants have failed to make a good faith effort to comply with the New York

Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

123.    Due to Defendants' violations of New York Labor Law, Plaintiffs  are  entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)    The cost and disbursements of this action;

m)    An award of prejudgment and post-judgment fees;

n)    Providing that if any amounts remain unpaid upon the expiration of ninety

days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

o)    Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.


Dated: Flushing, New York

March 22, 2019

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ John Troy
John Troy (JT0481)