# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 25, 2019

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven M. Gold, U.S.M.J.
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, NY 11201-1804

      *Re:*    **Stidhum,** *et ano.* **v. 161-10 Hillside Auto Ave., LLC,** *et al.*
             **Case No.: 1:19-cv-1625 (ARR) (SMG)**
             <u>**MLLG File No.: 94-2019**_____</u>

Dear Judge Gold:

      This firm represents the Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (Hillside Auto Outlet and Hillside Automall collectively hereinafter the "Corporate Defendants"), Ishaque Thanwalle (hereinafter "Thanwalle"), and Ronald M. Baron (hereinafter "Baron") (Thanwalle and Baron hereinafter "Individual Defendants") (the Corporate Defendants and Individual Defendants collectively hereinafter the "Defendants"). This letter is submitted in opposition to Plaintiffs' anticipated motion for a collective action under the Fair Labor Standards Act ("FLSA").

      Look before you leap. These are timeless wise words that the Plaintiffs in this case – together with their esteemed counsel – have apparently failed to live by, as their anticipated motion for conditional certification of a collective action was doomed the second the idea for it was conceived.

      As further set forth below, Defendants respectfully submit that Plaintiffs' anticipated motion to conditionally certify a collective action should be denied because, on the face of the complaint alone, Defendants are entitled to judgment on the pleadings. Further, it is readily apparent that the Plaintiffs are not similarly situated to each other and "going through the motion" would constitute an exercise in futility.

### **<u>Defendants Should Be Permitted to Move for Judgment on the Pleadings First</u>**

      Car salespersons, like the Plaintiffs are alleged to have been here, are exempt from overtime requirements and the allegations in the complaint establish that each Plaintiff was paid well above minimum wage for every hour worked when combining Plaintiffs' salary and commissions. See 29 U.S.C. § 213(b)(10); <u>see also</u> 12 NYCRR § 142–2.14. Defendants also respectfully submit that they are exempt from the FLSA and NYLL's overtime provisions pursuant to 29 U.S.C. § 207(i).

Hon. Steven M. Gold, U.S.M.J.
July 25, 2019
P a g e | 2

Accepting the allegations in the Complaint as true, Plaintiffs were primarily engaged in the sale of automobiles and earned well over $2,000.00 a week in salary and commissions. Because Plaintiffs were exempt from overtime, they were properly paid so long as they earned at least minimum wage for every hour they worked. Even if the hours they claim they worked were true (which Defendants do not concede), based on the Complaint alone, Plaintiffs earned substantially more than the minimum wage on a weekly basis, as clearly set forth in the spreadsheets below summarizing the allegations in the Complaint.

Plaintiff Leticia Stidhum Weekly Wage Analysis based on Allegations in the Complaint

| PERIOD | Regular Hours | OT Hours | Total Hours Worked | Weekly Pay Issued to Plaintiff | MW Rate | Minimum Wages Owed |
|---|---|---|---|---|---|---|
| 5/20/2018 - 10/4/2018 | 40 | 17.5 | 57.5 | $ 2,766.00 | $15.00 | $862.50 |
| 10/5/2018 - 12/30/2018 | 40 | 10.5 | 50.5 | $ 2,766.00 | $15.00 | $757.50 |
| 12/31/2018 - 1/14/2019 | 40 | 10.5 | 50.5 | $ 2,766.00 | $15.00 | $757.50 |

Plaintiff David Manrique Weekly Wage Analysis based on Allegations in the Complaint

| PERIOD | Regular Hours | OT Hours | Total Hours Worked | Weekly Pay Issued to Plaintiff | MW Rate | Minimum Wages Owed |
|---|---|---|---|---|---|---|
| 8/1/2017 - 11/1/2017 | 40 | 20 | 60 | $ 2,550.00 | $13.00 | $780.00 |
| 11/1/2017 - 12/31/2017 | 40 | 42 | 82 | $ 2,100.00 | $13.00 | $1,066.00 |
| 1/1/2018 - 12/31/2018 | 40 | 32 | 72 | $ 2,100.00 | $15.00 | $1,080.00 |
| 1/1/2019 - 1/14/2019 | 40 | 32 | 72 | $ 2,100.00 | $15.00 | $1,080.00 |

Indeed, based on the allegations in the Complaint, Plaintiffs cannot plausibly assert any minimum wage violations, either.

As a result, Plaintiffs cannot prove that Defendants engaged in any common policy or scheme violative of the FLSA. For purposes of opposition to Plaintiffs' instant letter motion for a pre-motion conference, Defendants do not address Plaintiffs' state law claims for spread of hours, failure to provide meal breaks, and various alleged recordkeeping violations. However, those claims – too – must be dismissed, as Defendants will argue in their anticipated motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").

Based on the foregoing, Defendants issued to Plaintiffs today a safe harbor notice pursuant to Rule 11. Should Plaintiffs fail to withdraw their complaint, Defendants shall move by letter motion for a pre-motion conference in anticipation of their motion for judgment on the pleadings and for sanctions pursuant to Rules 11 and 12(c). Defendants respectfully submit that this Court should permit Defendants to so move first as success on their motion would moot Plaintiffs' motion for conditional certification of a collective action.

Hon. Steven M. Gold, U.S.M.J.
July 25, 2019
P a g e | **3**

Indeed, taking this course of action would be consistent with Rule 1, which provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Defendants respectfully submit that it would be unjust, time consuming, and expensive to oppose Plaintiffs' motion for conditional certification of a collective action when Defendants' anticipated motion for judgment on the pleadings would do away with the need for Plaintiffs' anticipated motion and otherwise dismiss this case. Indeed, Defendants issued Plaintiffs a safe harbor notice to avoid moving for judgment on the pleadings in the first place, with hopes that Plaintiffs will take their duty to study the law and the asserted exemption for car salesman carefully, in order to withdraw their complaint and obviate motion practice which Defendants respectfully submit is entirely unnecessary.

Accordingly, Plaintiffs' letter motion must be denied without prejudice until August 15, 2019 – which is twenty-one (21) days from today, the date Defendants issued Plaintiffs a safe harbor notice pursuant to Rule 11 – and if Plaintiffs refuse to withdraw their complaint, until after a decision is rendered on Defendants' anticipated motion for judgment on the pleadings and for sanctions.

**Plaintiffs' Anticipated Motion for Conditional Certification of a Collective Action is Doomed**

Setting aside the Defendants' position that Plaintiffs' anticipated motion is premature in light of the foregoing, Plaintiffs' letter motion should also be denied on the grounds that: (i) Defendants do not engage in any common policy or scheme which violates the FLSA, as Plaintiffs were properly paid and as can be apparently gleamed from the facts pled in their Complaint; and (ii) the two (2) Plaintiffs themselves are not similarly situated to each other.

In a putative FLSA collective action, district courts have discretion on whether to allow a collective action and direct that notice be given to potential class members. See Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539 *2 (S.D.N.Y. October 1, 2002) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978)). This discretionary power, however, must only be exercised in appropriate cases. See Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004); see also Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983).

To warrant the exercise of the court's discretion, a plaintiff must demonstrate that the potential class members are similarly situated. See Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); see also Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated").

Plaintiffs argue that a collective action should be certified because "all facts known **point to the conclusion** that Plaintiffs and the Potential Plaintiffs are similarly situated as they all worked as employees for the Defendants that were subjected to Defendants policy that violated the law."

Hon. Steven M. Gold, U.S.M.J.
July 25, 2019
P a g e | **4**

See Docket Entry 14 (emphasis added). However, setting aside the conclusory nature in which they assert they are similarly situated, a Grand Canyon of differences divides the Plaintiffs, themselves, as set forth further below.

Indeed, the only allegations of the two (2) Plaintiffs, Leticia Stidhum ("Stidhum") and David Manrique ("Manrique"), supporting the notion that they are similarly situated are that they were both car salespersons and were allegedly paid a base weekly salary in addition to a commission of $150.00 per vehicle sold. See Docket Entry 1 at ¶¶ 29, 34, 51, 59-60.

As set forth above, Plaintiffs are exempt from overtime pursuant to 213(b)(10)[1] (and 29 U.S.C. §§ 207(i)) as car salespersons. Courts routinely hold that the existence of an overtime exemption serves as a basis to deny conditional certification. See Malave v Gault Auto Mall, Inc., 3:17-CIV.-0816 (LEK) (DEP), 2018 WL 1598840 (N.D.N.Y. Jan. 17, 2018), report and recommendation adopted in part, 2018 WL 741397 (N.D.N.Y. Feb. 7, 2018), mod, 2018 WL 1588291 (N.D.N.Y. Feb. 15, 2018), and report and recommendation adopted, 2018 WL 1588291 (N.D.N.Y. Feb. 15, 2018) (denying conditional certification of a collective action because there was no dispute that plaintiff's duties fell within exemption under 29 U.S.C. § 213(b)(10).

Another difference between the two (2) Plaintiffs is that Stidhum alleges to have solely worked for Defendant Hillside Auto Outlet, while Manrique alleges to have worked for both Corporate Defendants, which are two (2) completely separate dealerships.[2] See Id. at ¶¶ 9, 12, 29, 51-53. In addition, accepting the complaint as true, Stidhum and Manrique were paid differently, worked different hours, and Defendants' defenses against each individual Plaintiff varies.

Indeed, management at Hillside Auto Outlet has discovered that while Manrique was employed as a car salesperson for Hillside Auto Outlet, he opened up his own leasing company and stole corporate opportunities from Hillside Auto Outlet. These actions give rise to claims under New York common law pursuant to the faithless servant doctrine and for breach of duty of loyalty, breach of fiduciary duty, tortious interference with prospective economic advantage, and tortious interference with business relations.

---

[1] The exemption under 29 U.S.C. § 213(b)(10) excludes from the FLSA's overtime payment requirement "any **salesman**, partsman, or mechanic **primarily engaged in selling** or servicing **automobiles**, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." See 29 U.S.C. § 213(b)(10)(A). The exemption applies to Plaintiffs' NYLL overtime claims by virtue of 12 N.Y.C.R.R. § 142-2.2, which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended[.]"

[2] Though it cannot be gleamed from the Complaint, Defendants respectfully submit that discovery will establish Defendant Thanwalla served as a manager exclusively for Hillside Auto Outlet. Ergo, different policies by different managers applied at both Hillside Auto Outlet and Hillside Auto Mall and Plaintiffs cannot establish any common plan/scheme violative of the FLSA.

Hon. Steven M. Gold, U.S.M.J.
July 25, 2019
P a g e | **5**

      Defendant Hillside Auto Outlet is in the process of filing suit against Manrique and the corporate entity he formed together with any individuals who participated in this conduct. Defendants respectfully submit that because Manrique's claims are subject to the defense of disgorgement of wages makes him unique and therefore precludes a finding by this Court that he can be similarly situated to anyone.  See Calderon v Mullarkey Realty, LLC, No. 14-CIV.-2616 (PKC) (RLM), 2018 WL 2871834 (E.D.N.Y. Jun. 10, 2018) (dismissing FLSA claims by employee as precluded by judgment entered against employee for having been found to be a faithless servant under New York law).

      Based on the foregoing facts, Plaintiffs will be unable to establish that they are similarly situated to each other – let alone others

      Accordingly, Plaintiffs' letter motion for a pre-motion conference in anticipation of their motion to conditionally certify a collective action must be denied.

      We thank this Court for its time and attention to this matter and look forward to the initial conference scheduled for tomorrow.

Dated:  Lake Success, New York
         July 25, 2019

                                        Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        _____/s_____
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

cc: Plaintiffs (via ECF).