**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**STIDHUM** *et al.*
*on behalf of herself and others similarly situated,*
        Plaintiff,

      v.

**161-10 HILLSIDE AUTO AVE, LLC** *et al.*
        Defendants.
-------------------------------------------------------------------x

**Case No: 19-cv-01625**

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

TROY LAW, PLLC
*Attorneys for the Plaintiff*
John Troy (JT0481)
Aaron Schweitzer (AS 6369)
Tiffany Troy (Bar ID 5881735)
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel: (718) 762-1324

1

## **PRELIMINARY STATEMENT**

Troy Law, Counsel for Plaintiffs LETICIA STIDHUM and DAVID MANRIQUE, in the above-referenced matter, submit this Memorandum of Law in Opposition to Defendants' Motions for Attorney's Fees, brought in bad faith **close to two (2) years after** the **parties stipulated** to dismiss the claims without prejudice under Rule 41(a)(1)(ii) *for the purpose of refiling in state court*, which Emanuel Kataev, as Counsel for Defendants clearly knew about when signing off on the stipulation, and which specified, in writing that **"each party to bear its own costs."**

Mr. Kataev made numerous misrepresentations in his opening brief in support of his frivolous motion for attorneys' fees, including that "Plaintiff [sic] voluntarily withdrew their claims without prejudice" and "simply filed another action in state court." Plaintiff did not "withdr[a]w [their] complaint and file[] a notice of voluntary dismissal," as Mr. Kataev incorrect states. Instead, Plaintiffs stipulated with Defendants to dismiss the case without prejudice for the purpose of refiling in state court.

Plaintiffs did not re-instate their Fair Labor Standards Acts claims in state court, but instead brought their New York Labor Law claims only.

Defendants' filing for attorneys fees is untimely. *See* Fed. R. Civ. P. 54(d(2)(B)(a) (motion for fees must be filed within 14 days of judgment entry). It was filed when it was, in bad faith and in full knowledge that it was unlikely to succeed because of its untimeliness and lack of merit, so that this opposition would be due the day before LETITIA STIDHUM's appellate brief in the Second Circuit, where she is appealing the dismissal of her discrimination case brought against the same Defendants, represented by the same firm, on the grounds that the EEOC issued her a right to sue letter sooner than 180 days after her charge. Defense counsel's firm has previously been sanctioned for similarly aggressive litigation conduct bordering on harassment in the past,

1

that was so out of bounds that it attracted the attention and coverage in legal media.

## PROCEDURAL HISTORY

On March 22, 2019 Plaintiffs submitted a complaint alleging FSLA and NYLL violations. On August 9, 2019 Parties in this matter stipulated and agreed that this action be dismissed without prejudice and with each party to bear its own cost. On August 12, 2019, the Honorable Allyne R. Ross approved the stipulation.

Subsequently, Plaintiffs filed complaints against Defendants regarding discrimination on the basis of sex pursuant to the Pregnancy Discrimination Act ("PDA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e et seq.; New York State Human Rights Law ("NYSHRL"), NY Exec. § 290 et seq.; and New York City Human Rights Law ("NYCHRL"), NYC Admin. § 8-107(22), et seq. ("NYC Pregnancy Worker Fairness Act"). On September 25, 2019 Plaintiffs filed a complaint in the United States District Court for Eastern District of New York with the Case Number 19-cv-05458. On June 25, 2021, this complaint was dismissed without prejudice, on Defendants' motion, because the EEOC issued Plaintiff her right to sue letter sooner than 180 days after her charge. However, Plaintiffs are currently appealing this to the Appeals Court of the Second Circuit of the United States. (Case No 21-1653).

Plaintiffs also filed a Summons with Complaint in the Supreme Court of the State of New York County of New York—Commercial Division on October 13, 2019 with the Index Number 655970/2019 to pursue her NYLL claims. That case is still pending. Defendants have retained the same counsel, Milman Labuda Law Group PLLC, for all of the above referenced cases.

# ARGUMENT

### A. The Parties Stipulated to Dismiss the Case Without Prejudice for Refiling in State Court Under Fed R. Civ. P. 41(a)(1)(A)(ii), not Fed. R. Civ. P. 41(a)(2), and the stipulation specified that "each party to bear its own costs"

Defendants' counsel EMANUEL KATAEV intentionally misrepresents the parties' **stipulation** for dismissal under Rule 41(a)(1)(A)(ii) in an attempt to mislead this Court into believing that what was filed was a dismissal by Court Order under Fed. R. Civ. P. 41(a)(2) . The parties specified that the dismissal was "*without prejudice* and with each party *to bear its own cost*" for the purposes of refiling in state court. *C.f.*, *e.g.*, Romero v. Quality Facility, No. 19-cv-04179 (LDH) (LB), 2021 U.S. Dist. LEXIS 91776 (E.D.N.Y. May 13, 2021).

Rule 41(a)(2) is simply not inapposite to the court's analysis, and the Defendants' counsel knows so, having signed the stipulation which provided that each party bear its own costs.

### B. Plaintiffs filed only New York Labor Law and Wage Violations Claims in State Court

Again, contrary to Defendants' misrepresentation, not only have Defendants agreed to bear their own costs, Plaintiffs' pending state court action is simply not the kind of action contemplated by Fed. R. Civ. P. 41(d). Specifically, Plaintiffs simply acknowledged the risk inherent in the Fair Labor Standards Act claims when presented with evidence from Defendants and chose to litigate their state law claims (over which the court would not have supplemental jurisdiction) in state court. The case was still in its initial stages at the time the parties stipulated to voluntary dismissal. The initial pre-trial conference was held on July 26, 2019, and the parties stipulated to voluntary dismissal on August 9, 2019. There is no forum shopping involved. No duplicative work or expenses are required because Plaintiffs filed only New York Labor Law claims in state court, not any Fair Labor Standards Act claims. *See also Chen v. Wai ? Café Inc.*, No. , 2017 U.S. Dist.

3

LEXIS 121635, at *11 – 12 (S.D.N.Y. Aug. 2, 2017) ("The resources that have been expended to date are simply sunk costs, and neither party will be significantly inconvenienced or prejudice if the plaintiffs refile in state court.… I have made no rulings and issued no orders such that any party would unfairly benefit from dismissal, while by proceeding in state court, the parties will all benefit from a surer-footed reading of applicable law.") (internal quotation marks and citation omitted).

Defendants erroneously refers to a nonexistent state court docket entry for the proposition that "Plaintiff then re-asserted his [sic] claims in the State Court Action after seeing the lack of merit in this case. See NYSCEF Docket Entry 12 of the State Court Action ("I decided to abandon the federal claims. 'Who needs them?' she and I agreed") (referring to Plaintiffs' counsel in the State Court Action as himself and Plaintiff's counsel in this action as she")." **No such docket entry exists in the state court action.** Docket Entry No. 12 in *Stidhum et al v. 161-10 Hillside Auto Ave, LLC et al*, No. 655970/2019 is a Consent to Change Place of Trial and contains none of the text Defense counsel quotes.

Defendants are not entitled to cost because they may still be subject to damages arising from the same allegations. Defendants have not yet reached the prevailing party threshold to recover attorney fees as their victory was only a technical one that did not absolve them of liability from their alleged actions. *See Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) ("A party's success on a claim that is 'purely technical or *de minimis*' does not qualify him as a 'prevailing party.'").

Here, the stipulation agreed upon by both parties and approved by this Court would not be the "total victory" Defendant would need to make a valid claim for cost. Plaintiff can still succeed on the claims in the two open cases on facts not wholly different then presented in the complaint for this case. As a result, it would be premature to consider this a "total" victory and award costs.

4

An award of costs therefore is not warranted. *Belgada v. Hy's Livery Serv.*, No. 3:18-cv-177 (VAB), 2019 U.S. Dist. LEXIS 24135, at *9 (D. Conn. Feb. 14, 2019) (denying an award of costs where there may be a viable state law claims on the same facts).

Defense counsel's last-ditch attempt to "save" his motion through a gesture towards the copy-pasted opinion by Magistrate Judge Gorenstein in the Southern District is herculean, but does nothing to cure his misrepresentation of key facts crucial to the adjudication of the present motion.

Defense counsel have in other cases brought motions and appeals which likewise "appear[ed] to be without factual or legal merit." *Piccolo v. Top Shelf Provisions Co.*, No. 16-cv-06930 (GRB), 2019 U.S. Dist. LEXIS 132695, at *5 (Aug. 7, 2019); *see also Piccolo v. Top Shelf Prods.*, No. 16-cv-06930 (GRB), 2021 U.S. Dist. LEXIS 100254, at *16 (E.D.N.Y. May 25, 2021) ("[T]he Rule 50(b) motion and, more importantly, the appeal that followed, represented completely unnecessary legal efforts engendered by defendants' frivolous and facially defective efforts to attack the jury's well-considered verdict in this case."); *Paleja v. KP NY Operations LLC*, No. 20-cv000475 (AT) (KNF), Dkt. No. 45 (S.D.N.Y. Sep. 9, 2020) (characterizing Defense counsel's motion to compel amendment of initial disclosures to comply with his document formatting preferences and for sanctions "as meritless and frivolous" and admonishing Defense counsel to "refrain from wasting resources," including the Court's time, by making frivolous requests).

In fact, MILMAN LABUDA LAW GROUP, PLLC is known for being admonished for their "repeated instances of unprofessional conduct" that cultivated an "unduly litigious environment" that "made it impossible for" the case "to proceed in the ordinary course." *Piccolo v. Top Shelf Prods.*, No. 16-cv-06930 (GRB), 2018 U.S. Dist. LEXIS 156485, at *5, 9 (S.D.N.Y. Sep. 13, 2018). "The misbehavior of counsel so exceeded the bounds of zealous advocacy that it drew the attention of the legal media." *Piccolo*, 2021 U.S. Dist. LEXIS 100254, at *7 (citing Mark

5

Tabakman, "C*ivility In FLSA Litigation—Hard To Come By (Sometimes)*," Wage & Hour — Development & Highlights (Sept. 28, 2018), https://wagehourlaw.foxrothschild.com/2018/09/articles/general-wage-hour-law-news-updates/civility-in-flsa-litigation-hard-to-come-by-sometimes/; Joe Patrice, "*That Awkward Feeling When Offensive Conduct In Sanctions Motion Is So Offensive You Have To Look It Up*," Above the Law (Aug. 7, 2018), https://abovethelaw.com/2018/08/that-awkward-feeling-when-offensive-conduct-in-sanctions-motion-is-so-offensive-you-have-to-look-it-up/).

## **CONCLUSION**

For the reasons stated above, Defendants' motion should be denied in its entirety.

TROY LAW, PLLC

 */s/ John Troy*
John Troy
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff*