UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LETICIA STIDHUM and DAVID MANRIQUE, on their own behalf and on behalf of others similarly situated,

                    Case No.: 1:19-cv-1625 (ARR) (SMG)

**Plaintiffs,**

  - against -

161-10 HILLSIDE AUTO AVE., LLC d/b/a Hillside Auto Outlet, HILLSIDE AUTOMALL INC d/b/a Hillside Auto Mall, ISHAQUE THANWALLE, and RONALD M. BARON,

              **Defendants.**
-----------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES ARISING OUT OF
<u>PLAINTIFFS' VOLUNTARY DISMISSAL OF THIS CASE WITHOUT PREJUDICE</u>**

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

i

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**..................................................................................................1

**ARGUMENT** ................................................................................................................................2

**CONCLUSION**............................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

Andrews v. Marshall,
 No. 2:16-CIV.-814 (MRM), 2021 WL 2117912 (M.D. Fla. May 6, 2021) ......................... 4

Andrews v. Marshall,
 No. 2:16-CIV.-814 (SPC), 2021 WL 2106515 (M.D. Fla. May 25, 2021) ........................ 4

Belgada v. Hy's Livery Service, Inc.,
 No. 3:18-CIV.-177 (VAB), 2019 WL 632283 (D. Conn. Feb. 14, 2019) ............... 5, 5 n. 7

Chen v. Wai? Café Inc.,
 No. 10-CIV.-7254 (JCF), 2017 WL 3311228 (S.D.N.Y. Aug. 2, 2017) ................. 5, 5 n. 5

Cooter & Gell v. Hartmarx Corp.,
 496 U.S. 384 (1990) ................................................................................................ 3, 3 n. 2

Hall v. Cole,
 412 U.S. 1 (1973) ................................................................................................................ 4

Hylton v. The Bank of New York Mellon,
 No. 4:20-CIV.-21 (NCC), 2021 WL 2476473 (E.D. Mo. June 17, 2021) ......................... 4

ILC Dover LP v. FloodBarrier, Inc.,
 No. 20-CIV.-21350, 2020 WL 9935650 (S.D. Fla. July 15, 2020) ................................... 4

Romero v. Quality Facility Solutions,
 No. 19-CIV.-4179 (LDH) (LB), 2021 WL 2593620 (S.D.N.Y. May 13, 2021) ..... 3, 3 n. 3

Warner Bros v. Dae Rim Trading, Inc.,
 877 F.2d 1120 (2d Cir. 1989) ............................................................................... 5, 5 n. 6

Young v. Dole,
 No. 90-CIV.-2667 (TCP), 1991 WL 158977 (E.D.N.Y. Jul. 11, 1991) ...................... 4 n. 4

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................... 1

Fed. R. Civ. P. 41 ................................................................................................... 1, 2, 3, 4, 5

Fed. R. Civ. P. 54 ............................................................................................................... 2, 3

## **PRELIMINARY STATEMENT**

Rule 11 provides that, by presenting to the court a pleading, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims and other legal contentions are warranted by existing law. Notwithstanding this requirement, Plaintiffs Leticia Stidhum and David Manrique (hereinafter "Plaintiffs"), together with their counsel, improperly filed this case in federal court, where it had no business being filed in the first place because federal law exempts car salespersons from the federal Fair Labor Standard Act's ("FLSA") overtime requirements.

After Defendants filed their letter motion seeking a pre-motion conference in anticipation of their motion to dismiss, Plaintiffs waved the white flag, conceded they had no business filing this complaint in the first instance, and voluntarily withdrew their claims without prejudice.

Plaintiffs then simply filed another action in state court. The Second Circuit has held that the voluntary withdrawal of a case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), whether by stipulation or notice, entitles Defendants to an award of attorneys' fees, especially where the same or nearly identical claims are later pursued in a subsequent forum.

Defendants were required to unnecessarily spend time and resources researching and explaining to this Court that this case should have never been filed in the first place on the aforesaid grounds. Plaintiffs voluntarily withdrew this case solely as a result of Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss, and Rule 41 permits – and for the reasons set forth below, this Court should – award Defendants attorneys' fees for being forced to defend this case.

In opposition to Defendants' motion, Plaintiffs throw the kitchen sink at it in arguing that:

(i) Defendants' motion is untimely; (ii) a Rule 41(a)(2) stipulation of dismissal is somehow exempted from Rule 41(d)'s provision allowing courts to order the Plaintiffs to pay all or part of the costs of the action; (iii) the parties' stipulation of dismissal provides that each party must bear its own costs; (iv) no work was wasted by Defendants in defending the federal case; and (v) Defendants are not a prevailing party.[1]

All of these arguments are meritless.  As to timeliness, the Supreme Court of the United States has held that federal courts maintain jurisdiction over cases as it relates to attorneys' fees long after they are closed and judgment is entered.  As such, the instant motion is not untimely.

Further, district courts nationwide have awarded fees following a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) despite the fact such stipulations provide – or the court has otherwise ordered – that each party is to bear its own costs.  Moreover, the existence of bad faith is not required to award attorneys' fees and there are many nuances between the FLSA and the New York Labor Law ("NYLL") such that work was necessarily wasted in defending this federal case.  Finally, Plaintiffs rely on the wrong standards of law in arguing that Defendants' motion was untimely under Rule 54 and that Defendants are not the prevailing parties in this case.  That is not the Rule 41 standard, which merely requires that a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant for the court to consider whether it is appropriate to award attorneys' fees and costs.

Accordingly, as Plaintiffs provide no appropriate basis for denying the relief requested by Defendants, this Court should grant attorneys' fees and costs to Defendants and stay Plaintiffs' state court action until the same is paid.

---

[1] Plaintiffs also argue that Defendants' counsel was allegedly sanctioned in other cases.  As further set forth below, Plaintiffs' arguments on this point are inaccurate and unavailing.

**ARGUMENT**

Plaintiffs first argue that Defendants' motion is untimely. This argument is meritless. The United States Supreme Court held in Cooter & Gell v. Hartmarx Corp.[2]– *inter alia* – that a federal court may consider collateral issues after an action is no longer pending, that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree and that, thus, *even years* after the entry of a judgment on the merits a federal court could consider an award of counsel fees.

In further support of their timeliness argument, Plaintiffs cite to the fourteen (14) day time limit imposed by Rule 54, which requires a motion for attorneys' fees to be filed within that time frame after entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(a). However, Rule 54 only applies upon entry of a judgment, and no judgment was entered here. In fact, Rule 54 has nothing to do with the standard set forth in Rule 41, which merely requires that a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant for the court to consider whether it is appropriate to award attorneys' fees and costs. The Rule 41 standard is met here. For the same reasons, it is irrelevant as to whether Defendants are a prevailing party, and Plaintiffs' argument concerning same is unavailing.

Plaintiffs next argue that this Court may not award attorneys' fees and costs because this case was voluntarily dismissed by stipulation which specifically provided that the parties were to bear their own costs. Plaintiffs rely on a single case, Romero v. Quality Facility Solutions,[3] but it is inapposite. In Romero, the plaintiff dismissed his FLSA claims with prejudice and his state law claims without prejudice, and the defendants did not seek fees or costs pursuant to Rule 41(d).

---

[2] See 496 U.S. 384 (1990) (citations and quotations omitted) (emphasis added).

[3] See No. 19-CIV.-4179 (LDH) (LB), 2021 WL 2593620 (S.D.N.Y. May 13, 2021).

3

Plaintiffs' argument concerning Rule 41(a)(1)(A)(ii) stipulations therefore fares no better, as courts routinely grant attorneys' fees and costs where such stipulations are filed and despite the stipulation expressly providing that the parties are to bear their own costs. See, e.g., Andrews v. Marshall, No. 2:16-CIV.-814 (MRM), 2021 WL 2117912, at *7 (M.D. Fla. May 6, 2021), report and recommendation adopted, 2:16-CIV.-814 (SPC), 2021 WL 2106515 (M.D. Fla. May 25, 2021) (awarding attorneys' fees and costs pursuant to Rule 41(d) despite parties stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii)); ILC Dover LP v. FloodBarrier, Inc., No. 20-CIV.-21350, 2020 WL 9935650, at *3 (S.D. Fla. July 15, 2020) (awarding Rule 41(d) relief despite parties' Rule 41(a)(1)(A)(ii) stipulation, finding that requirements for costs are met, because the plaintiff failed in its responsibility to investigate its ability to bring its claims prior to filing suit); see also Hylton v. The Bank of New York Mellon, No. 4:20-CIV.-21 (NCC), 2021 WL 2476473, at *4 (E.D. Mo. June 17, 2021) (declining to award fees but noting the availability of that relief if any future action was filed by the plaintiff consistent with Rule 41(d)).

Further, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. See Hall v. Cole, 412 U.S. 1, 4-5 (1973).

Plaintiffs also argue that they did not reinstate their FLSA claims and instead only brought claims under the NYLL. However, this is irrelevant, as there is no requirement that a plaintiff file the *same exact* claims in the second forum to avail Defendants of Rule 41(d) relief. Indeed, costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, *or nearly identical*, claim and has requested identical, *or nearly identical*, relief.[4] Here, both complaints seek relief for alleged wage-and-hour violations as in the state court action. Similarly, both complaints seek unpaid wages and commissions, attorneys' fees, costs, and interest.

---

[4] See Young v. Dole, No. 90-CIV.-2667 (TCP), 1991 WL 158977 (E.D.N.Y. Jul. 11, 1991).

4

Finally, Plaintiffs' reliance on Chen v. Wai? Café Inc.[5] is misplaced. The court in that case did not address a Rule 41(d) motion. Nor can Plaintiffs take shelter behind Warner Bros v. Dae Rim Trading, Inc.,[6] which deals with attorneys' fees to a prevailing party. As set forth above, this case is not relevant here, which seeks attorneys' fees and costs pursuant to Rule 41(d). The same argument applies to Plaintiffs' citation to Belgada v. Hy's Livery Service, Inc.[7] Accordingly, it is irrelevant as to whether Plaintiffs have abandoned their FLSA claims,[8] and Plaintiffs' remaining arguments provide no basis to deny the relief requested by Defendants.[9]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that should this Court issue an Order, pursuant to Rule 41, awarding attorneys' fees and costs to Defendants, as well as a stay of the state court action until Plaintiffs comply with the aforesaid Order.

---

[5] No. 10-CIV.-7254 (JCF), 2017 WL 3311228 (S.D.N.Y. Aug. 2, 2017).

[6] 877 F.2d 1120 (2d Cir. 1989).

[7] No. 3:18-CIV.-177 (VAB), 2019 WL 632283 (D. Conn. Feb. 14, 2019).

[8] Plaintiffs also refer to an erroneous state court docket entry. Defendants respectfully submit that this reference was indeed made in error and is withdrawn.

[9] With regard to the Troy Law's reference to Piccolo v. Top Shelf Prods., Inc., in which Saul Zabell ("Zabell") – an attorney who has frequently been sanctioned for his conduct – was involved, Defendants respectfully submit that this Court should not consider that case in the context of this motion, which is focused on the Troy Law's conduct. Further, your undersigned respectfully submits that he was not an attorney of record in that case, and that the plaintiff's attorney there, among many other things, called the police on my colleague and partner, Joseph M. Labuda, during a deposition because Mr. Labuda sought to question a witness once Zabell completed his deposition. As to Troy Law's reference to Paleja v. KP NY Operations LLC, the court there admonished Plaintiff's counsel in that case for failing to appear for telephonic meet-and-confer sessions with your undersigned. Further, while the court in Paleja did not appreciate the parties' counsel's inability to work on a joint letter together, no sanctions were issued and this is a far cry from the conduct complained of here: failure to reasonably inquire, under the circumstances, that the claims and other legal contentions are warranted by existing law. They were not, which was why Plaintiffs withdrew their complaint.

Dated: Lake Success, New York
         September 20, 2021

                    **MILMAN LABUDA LAW GROUP PLLC**

                    By: */s    Emanuel Kataev, Esq.*
                    Emanuel Kataev, Esq.
                    3000 Marcus Avenue, Suite 3W8
                    Lake Success, NY 11042-1073
                    (516) 328-8899 (office)
                    (516) 303-1395 (direct dial)
                    (516) 328-0082 (facsimile)
                    emanuel@mllaborlaw.com

                    *Attorneys for Defendants*