# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>**VIA ECF**</u>  October 8, 2021

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Robert M. Levy, U.S.M.J.
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, NY 11201-1804

    *Re*: **Stidhum, *et ano.* v. 161-10 Hillside Auto Ave., LLC, *et al.*
<u>Case No.: 1:19-cv-1625 (ARR) (SMG), MLLG File No.: 94-2019</u>**

Dear Judge Levy:

    This firm represents the Defendants in the above-referenced case, which once was a hybrid action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants write to respectfully supplement their motion papers on the topics discussed at the September 30, 2021 telephonic motion conference held before this Court.[1]

    i.    <u>Wasted & Duplicative Work Was Performed Which Warrants Relief</u>

    Plaintiffs argue that Defendants cannot show any wasted or duplicative work since Plaintiffs have abandoned their federal wage-and-hour claims in their subsequently filed state court action. This argument has no merit, as Defendants should not have had to deal with defending the federal case in the first place.

---

[1] This Court Ordered Defendants to file the supplemental letter by Thursday, October 7, 2021. Defendants respectfully request a one (1) day extension of time, *nunc pro tunc*, as set forth below. Consistent with ¶ 2(E) of this Court's Individual Motion Practices and Rules, Defendants respectfully submit that: (i) the original deadline to submit this letter was yesterday, October 7, 2021; (ii) the reason an extension of time is necessary is because your undersigned's support staff inadvertently failed to calendar this deadline and your undersigned was conducting a deposition in another matter yesterday for the entire day; (iii) Defendants only seek an additional day's time, *nunc pro tunc*, due to the foregoing excusable neglect; (iv-v) there have been no prior extensions requested from this Court concerning the instant deadline; (vi) it is futile to ask for Plaintiffs' consent, as they have previously declined to consent to an extension of time while your undersigned was on trial (<u>see</u>, e.g., Docket Entry 11 and Text Only Order dated July 1, 2019) and, further, have displayed their apparent animus towards your undersigned in their opposition papers (<u>see</u> Docket Entry 21); and (vii) Defendants respectfully submit that a proposed amended scheduling Order is unnecessary here where Plaintiffs have voluntarily withdrawn their claims and Defendants solely seek relief based on same pursuant to Rule 41.

Defendants would never have had to research, draft, or argue that conditional certification of a collective action was unwarranted. Moreover, the nuances of federal wage-and-hour law require an analysis that is sufficiently distinct from New York Labor Law ("NYLL") claims. Indeed, the NYLL does not require – for example – that a plaintiff show either a nexus with interstate commerce or that the employer has any minimum amount of sales. See Silva v. Legend Upper West LLC, No. 16-CIV.-3552 (PGG), 2021 WL 4197360, at *6 (S.D.N.Y. Sept. 14, 2021). The NYLL also obliges employers to pay a minimum wage, but the rate of that minimum wage differs from the FLSA minimum wage. Id. Further, the statute of limitations for an NYLL claim is six (6) years, while it is only two (2) or three (3) years under the FLSA based on willfulness. See Campos v BKUK 3 Corp., No. 18-CIV.-4036 (KHP), 2021 WL 3540243, at *6 (S.D.N.Y. Aug. 10, 2021), report and recommendation adopted, 18-CIV.-4036 (JGK), 2021 WL 3863198 (S.D.N.Y. Aug. 30, 2021). Moreover, a plaintiff's regular rate of pay under NYLL is calculated differently than under the FLSA. See Han v. Shang Noodle House, Inc., No. 20-CIV.-2266 (PKC) (VMS), 2021 WL 3774186, at *8 (E.D.N.Y. Aug. 24, 2021).

These demonstrable differences destroy the notion that Defendants have not wasted any work as the nuances between the FLSA and NYLL present myriad reasons why Defendants' work in defending the FLSA claims in the federal case is no longer going to be used in defending the state court action. Indeed, Defendants' analysis of interstate commerce and the annual gross revenue requirements is no longer an issue. In addition, Defendants' analysis of the minimum wage rate to determine whether a NYLL claim exists for a commissioned salesperson differs substantially as compared to the FLSA's much lower minimum wage rate. Further, the calculation of Plaintiff's regular rate of pay similarly differs. Now that the FLSA claims are no longer present, Defendants have wasted time and effort in defending this case such that relief under Rule 41(d) is required. This is, of course, setting aside the fact that Plaintiff should not have filed the instant case in this court in the first place. Moreover, Defendants spent substantial time defending against the viability of Plaintiff's state law claims brought in federal court when there was no basis for this Court to exercise supplemental jurisdiction over them.

In that vein, the argument that only duplicative – but not wasted – work gives rise to relief under Rule 41 must similarly be rejected. Indeed, in assessing a Rule 41(d) motion, the court must examine "the prejudice to the defendant, both in terms of legal prejudice and litigation expense.'" See Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs. Inc., No. 3:10-cv-2513, 2012 WL 727943, at *2 (M.D. Pa. Mar. 6, 2012) (quoting Dodge-Regupol, Inc., 585 F. Supp. 2d at 652). Factors relevant to this analysis *include*: (1) "the *excessive* and *duplicative* expense of a second litigation;" (2) "the effort and expense incurred by the defendant in preparing for trial;" (3) "the extent to which the current suit has progressed;" (4) the claimant's diligence in moving to dismiss; and (5) "the pendency of a dispositive motion by the non-moving party." See Frey v. Frontier Util. Northeast LLC, No. 19-CIV.-2372-KSM, 2021 WL 1945707, at *5 (E.D. Pa. May 14, 2021) (emphasis added) (citations omitted); see also Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("The purpose of Rule 41(d) is to deter plaintiffs from increasing litigant expenses and wasting judicial resources by withdrawing in the middle of litigation and requiring the parties to start from scratch"). Given the express purpose of Rule 41(d), it is not appropriate to limit the award of fees solely for duplicative work; indeed, the analysis and inquiry into duplicative work is merely a single factor in determining whether relief under Rule 41(d) should be granted. See Pelczar v. Pelczar, No. 16-CIV.-55 (CBA), 2017 WL 3105855, at *2 (E.D.N.Y. July 20, 2017) (Rule 41(d)(1) "has been interpreted in this Circuit to include payment of attorney's fees as

**'compensation for work done in the first action that cannot be used in a second existing or contemplated action**[.]'") (emphasis added) (quoting Hintergerger v. Catholic Health Sys., No. 08-cv-952 (WMS), 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012)).

As set forth above, the work Defendants performed in defending a collective action and other issues related to the FLSA which are not present for NYLL claims provides the basis to award attorneys' fees for the work performed in defending the FLSA claim which is no longer being defended. Thus, all of the foregoing reasons support Defendants' entitlement to relief under Rule 41(d) for their wasted work in defending this case in federal court, where Plaintiff should never have filed it. As such, Defendants' motion should be granted.

      ii.      No Finding of Bad Faith is Required to Grant Relief Under Rule 41(d)

Plaintiffs further argue that this Court should deny the instant motion since Plaintiff did not: (i) refile the same case previously dismissed; and (ii) forum shop or engage in vexatious litigation. However, as set forth above, Plaintiffs' claims in this case are substantially similar to those brought in the state court action and no finding of any bad faith – i.e., forum shopping or vexatious litigation – is required to grant relief under Rule 41(d). Contrary to Plaintiffs' assertion, there is no requirement that a plaintiff file the *same exact* claims in the second forum to avail Defendants of Rule 41(d) relief. Indeed, costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, *or nearly identical*, claim and has requested identical, *or nearly identical*, relief.[2] Here, the claims are nearly identical. Both complaints seek relief for alleged wage-and-hour violations. Similarly, both complaints seek unpaid wages and commissions, attorneys' fees, costs, interest, and related relief.

Additionally, no finding of bad faith – i.e., forum shopping or vexatious litigation – is required to impose costs under Rule 41(d).[3] Although not required, Plaintiff's bad faith is palpable. Plaintiff attempted to pursue an FLSA claim in federal court despite the existence of an overtime exemption. This, by itself, evidences an attempt to forum shop. The fact is that Plaintiff's complaint should have never been filed in federal court in the first place. Rule 41(d) permits this Court to grant attorneys' fees and costs to Defendants by virtue of Plaintiff's concession that this case did not belong in federal court. Plaintiff's now filed complaint in New York State court (on the heels of Defendants' letter motion for a pre-motion conference in anticipation of its motion to dismiss), in fact, shows that Plaintiff recognized his complaint never belonged in federal court.

In that regard, it is irrelevant as to whether Plaintiffs had "good cause" for voluntarily dismissing the federal case; the dismissal only supports Defendants' motion for attorneys' fees. His federal wage-and-hour claims had no merit, and he had no other basis to file a complaint in federal court. Defendants thank this honorable Court for its time and attention to this case.

---

[2] See Young, 1991 WL 158977, *supra* (emphasis added).

[3] See, e.g., Esquivel, 913 F. Supp. at 1388, 1391 (holding that there is no requirement of a showing of subjective "bad faith" either in the language of Rule 41(d) or in the relevant case law); Garza v. Citigroup Inc., 311 F.R.D. 111, 115 (D. Del. 2015), aff'd, 881 F.3d 277 (3d Cir. 2018) ("nothing in the language of Rule 41(d) ... suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a voluntarily dismissed previous action"); Siepel v. Bank of Am., N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006), aff'd, 526 F.3d 1122 (8th Cir. 2008), (citing Rogers v. Wal–Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir.2000)).

3

Dated: Lake Success, New York
       October 8, 2021

                                    Respectfully submitted,

                                    **MILMAN LABUDA LAW GROUP PLLC**

                                    _____/s_____
                                    Emanuel Kataev, Esq.
                                    3000 Marcus Avenue, Suite 3W8
                                    Lake Success, NY 11042-1073
                                    (516) 328-8899 (office)
                                    (516) 303-1395 (direct dial)
                                    (516) 328-0082 (facsimile)
                                    emanuel@mllaborlaw.com

cc: Plaintiffs (via ECF).