```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


LETITIA STIDHUM, on behalf of  *  Case No. 19-CV-1625(ARR)
 herself and others            *
 similarly situated,           *
                               *
             Plaintiff,        *  Brooklyn, New York
                               *  September 30, 2021
    v.                         *
                               *
HILLSIDE AUTO AVE, LLC,        *
 et al.,                       *
                               *
             Defendants.       *
                               *
* * * * * * * * * * * * * * * *

           TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
              BEFORE THE HONORABLE ROBERT M. LEVY
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:            AARON SCHWEITZER, ESQ.
                              Troy Law, PLLC
                              41-25 Kissena Blvd, Ste 119
                              Flushing, NY 11355

For the Defendants:           EMANUEL KATAEV, ESQ.
                              Milman Labuda Law Group, PLLC
                              3000 Marcus Ave, Ste 3W8
                              New Hyde Park, NY 11042
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1               (Proceedings commenced at a.m.)
2                       THE COURT:  All right.  Good morning.  This is Judge
3       Levy.  We're here on Stidhum versus 161-10 Hillside Auto, 19-
4       CV-1625.
5                       Will counsel please state their appearances for the
6       record, starting with the plaintiffs?
7                       MR. SCHWEITZER:  I apologize, I was on mute.  Aaron
8       Schweitzer.
9                       THE COURT:  Okay.  Thank you.  And for the
10      defendants?
11                      MR. KATAEV:  Emanuel Kataev of Milman Labuda Law
12      Group, PLLC, for the defendants.  Good morning.
13                      THE COURT:  All right.  Good morning.  All right.
14      So this is my first conference call with you.  As you recall,
15      Judge Gold was on the case but he's retired, moved on.  And
16      I've read your papers.
17                      I just wanted to dig into it just a little bit here.
18      Why don't I start with Mr. Kataev since it's your motion under
19      Rule 41(d).
20                      The question really on the case is whether or not
21      there's duplicative work or expenses that you have incurred
22      based on including the same claims against the same defendants
23      in a state court action after a voluntary dismissal of this
24      case.
25                      Could you just start by your giving me an idea of

3

1   how much is at stake here just so I have a sense of what the
2   attorneys fees and costs would be?
3              MR. KATAEV:  Without having any records in front of
4   me, Your Honor, I would say that the work involved was limited
5   to conducting research into the issue initially and preparing
6   the letter motion which, if you recall Your Honor, involved
7   opposing a letter motion for a pre-motion conference in
8   anticipation of plaintiff's motion for conditional
9   certification of a collective action.
10             So the collective action motion was only able to be
11  brought if there was an FLSA claim and the collective action
12  portion has nothing to do with the state wage and hour claims.
13  That's completely separate and apart.
14             Federal and state law is different when it comes to
15  collective actions.  That's one aspect of wasted work.
16             There are other aspects and if it would assist the
17  court, we can -- defendants are prepared to do two things in a
18  supplemental brief.
19             One of those things would be to distinguish the work
20  performed that was wasted between the federal FLSA law and the
21  state New York Labor Law.
22             So that's one component that I believe would be
23  helpful to the court.
24             And then separately, if the court wishes and asks
25  for it, I would have to speak to a partner about obtaining our

4

1  billing records.  I don't have access to them, but we could
2  submit our billing records.
3          And if I had to guess, Your Honor, without being
4  held to it, I would estimate that in all, the amount of hours
5  involved would range somewhere between eight to 15 hours, it's
6  a complete guess.  This work was performed two years ago.
7          I met with a partner when preparing the composition
8  and doing the research and discussing it, it was reviewed and
9  revised a few times.
10         So that's my guesstimation of how much, but it's
11 based on my recollection, solely my recollection from two
12 years ago.
13         I did not want to submit anything with respect to
14 time records, A, because I don't have access to it and it
15 takes time for me to get it because I'm just an associate
16 here, but B, I didn't want to be presumptuous that the court
17 would grant it and I figured that if the court does grant it
18 then we would be able to submit, you know, our requested fees.
19         So with that said, the top end 15 hours, my rate on
20 this case is $325 an hour, that's about $5,000.  So I would
21 not say it's a whole lot of money.
22         THE COURT:  So how much -- if you were to guess, I
23 mean, I'm not holding you to this now, but if you were to
24 guess how much is it to date, how much would you say?  2,400?
25         MR. KATAEV:  I would say in the realm of anywhere

1    from 2,500 to let's top it out at maybe 7,500.
2              Well, as a matter of fact, I don't know what the
3    partners rate on that -- on this case is, because I'm not a
4    partner and I don't see the billing records.
5              THE COURT:  All right.  And 41(d) says the court may
6    order the plaintiffs to pay all or part of the cost of that
7    previous action and attorneys fees are deemed costs.  So I'm
8    trying to get a sense of what's at stake here.
9              MR. KATAEV:  I understand.
10             THE COURT:  Okay.  So I think you've given me a
11   sense of it.
12             So before I hear from Mr. Schweitzer -- well
13   actually, let me hear from Mr. Schweitzer.
14             Do you have a sense -- is this a motion that can be
15   settled or is this a motion that is going to require the court
16   to issue a ruling?
17             MR. SCHWEITZER:  Your Honor, this is not a motion
18   that can be settled other than by defendants withdrawing it.
19             This motion is, in our view, wholly without merit
20   and done solely for the purpose of making trouble for
21   plaintiff and her counsel by making a frivolous motion.
22             This motion is preceded by a stipulation that each
23   part would bear it's own costs.  Two years later defendants
24   are trying to go back on that for what they frankly admit, are
25   fairly de minimis types of work.

1           The work highlighted was opposing a pre-motion
2    conference for a collective certification. That's completely
3    standard in these cases.
4           I have no reason to believe they actually spent 15
5    hours on it the way they claim, particularly since they did
6    not actually substantiate their claims with time or billing
7    records.
8           THE COURT: Okay.
9           MR. SCHWEITZER: As to duplicative work, the federal
10   and state cases involved from what different claims the
11   federal could be. The federal case involved those federal and
12   state claims. The state case only involved state claims.
13          The only things that were done frankly, in the
14   federal case before it was dismissed, were an initial
15   conference where the merits of the federal claims were
16   discussed. That was followed by a voluntary dismissal.
17          THE COURT: So in reading the papers it seems to me
18   that the real dispute here is as to whether or not there was
19   duplicative work that was performed and the -- again, the
20   statute where the rule says if a plaintiff who previously
21   dismissed an action in any court files an action based on or
22   including the same claim against the same defendant.
23          So the question really is was there duplicative work
24   done on the case and was the state court case that was
25   subsequently filed, based on or did it include the same claim

1      as -- I guess the same defendant as in the federal case.  And
2      I'm having trouble --
3                MR. KATAEV:  Well, Your Honor --
4                THE COURT:  -- I'm having a little trouble seeing
5      that it's based on the same claim because there's no
6      collective action.
7                It may be that it was wasted and maybe that -- I
8      mean, I hear defendant's counsel saying that there was -- the
9      collective action was separate from the state law and that
10     there was work that was unnecessarily done on that.  But I'm
11     not sure that's what the purpose of this -- of the rule is.
12               How is it exactly the same claim against the same
13     defendant if it's based on a different statute and different
14     standards?  I think that's what I need to hear a little bit
15     more from defendant on.
16               MR. KATAEV:  Sure.  I actually have researched this
17     issue.  It was not something that was raised in opposition by
18     the plaintiffs, but I do have authority on this issue.  And
19     the rule is that the same does not mean identical.  It could
20     be similar to.
21               And the authority I have on this makes it very
22     evident that the FLSA claim being similar to the New York
23     Labor Law claim is sufficient for Rule 41(d)'s purposes.
24               And so it's an interesting situation because in the
25     federal case they brought federal wage and hour claims and

8

1 state wage and hour claims, right?

2 And now in the state court action, they bring only
3 the state wage and hour claims. So from one perspective it
4 can be argued that they're bringing identical claims, by
5 identical state law claims but they are broad in both forms.

6 But even if you did count that or don't consider
7 that, which it should be considered, the wage and hour claims
8 don't have to be exactly -- the federal wage and hour claims
9 don't have to be exactly identical to the state wage and hour
10 claims, they have to be nearly identical based on the case law
11 I have.

12 I do believe, Your Honor, that the court will be
13 well-served by a supplemental memorandum of law limited to
14 less than ten pages, maybe even less than that, just
15 addressing the duplicative work aspect and the same claims.

16 I have that research ready and available and I would
17 ask anywhere from one week to two weeks to submit it. I do
18 have some deadlines that I need to meet next week, so I would
19 ask for two, but if the court wishes to do it sooner, I can
20 make one week work.

21 THE COURT: All right. I don't --

22 MR. SCHWEITZER: Your Honor, we --

23 THE COURT: Yeah, go ahead.

24 MR. SCHWEITZER: Your Honor, we already went through
25 briefing on this and if this issue was so critical to

1    defendant's argument, it should have been included in the
2    initial briefing and we should have had the chance to respond.
3             Creating a further briefing is simply a way to
4    create further costs and put burden on counsel as what is
5    ultimately a frivolous motion.
6             THE COURT:  One way of looking at this argument is
7    that what really happened is the case was not -- the case
8    would have properly been in federal court had there been an
9    FLSA case that could be brought -- a claim that could be
10   brought.
11            But all that happened was that the form was changed
12   so the court no longer had jurisdiction without an FLSA claim
13   and so, therefore, essentially the same case was transferred
14   to state court -- for jurisdictional reasons not for
15   duplicative work.
16            And the federal claim was removed from it when it
17   went to state court for the very reason that there was no
18   viable federal claim.  It almost sounds more like a Rule 11
19   claim although I think you'd have trouble making that.
20            But isn't the argument really that plaintiffs tried
21   to get into federal court on this case based on an FLSA claim
22   which it was mistaken about.
23            When it learned it's mistake, it withdrew the claim,
24   voluntarily dismissed it, you know, and then you've got
25   arguments about the voluntarily dismissal.

10

1 But basically just transferred the case or in
2 effect, almost just brought it in state court because there
3 was no longer federal jurisdictions. So it's not really
4 duplicative in that sense.
5     MR. KATAEV: I'll address that, Your Honor, if you
6 are done.
7     THE COURT: Sure, yes. I'm just trying to think it
8 through because it's my first (indiscernible) based on the
9 briefs this morning.
10     MR. KATAEV: There is authority on the Rule 41(d) in
11 fact and so it is an interesting issue, somewhat novel in my
12 view.
13     But the answer to the question, Your Honor, is
14 you're right about the Rule 11 aspect of things, but Rule
15 41(d) is interesting because it does not even require a
16 finding of bad faith and I believe I addressed that in the
17 papers. There's no requirement (indiscernible).
18     But the fact is, the motion was filed in federal
19 court when it should not have been. And that step is what
20 gives rise to fees under Rule 41(d).
21     Plaintiff's counsel has a duty under Rule 11 of
22 course, to investigate the claim prior to filing a complaint.
23 It's a big deal to file a complaint in federal court. And so
24 had plaintiff done its duty under Rule 11, and it wouldn't
25 have done it, it wouldn't have filed in federal court, it

11

1  would have filed it in state court -- or they would have filed
2  it in state court.
3           That's not what happened. Rule 41(d) expressly
4  provides that in these situations where a defendant was forced
5  to expend time and money in defending a case in federal court
6  that shouldn't have been in federal court and then have to
7  again defend in state court, then for whatever wasted work was
8  performed, they can get their attorney's fees.
9           So I would --
10          THE COURT: Let me jump in a second.
11          I think the distinction is that the same claim was
12 not litigated in federal court really. You didn't have to
13 expend time on the state law claims. It was only on the
14 federal claim, which was ultimately withdrawn.
15          And so that -- it seems to me, that's the
16 distinction between 41(d) and Rule 11. Rule 11, you know,
17 goes to frivolous claims and I think really the heart of the
18 argument is the FLSA claim was frivolous and they should be
19 sanctioned for that.
20          Rule 41(d) as I understand it, but I'm really no
21 expert on 41(d), 41(d) seems to be saying okay, you bring one
22 claim in federal court, time and money is expended on that
23 particular claim, that particular cause of action, and then
24 it's brought to state court and the same time and money
25 essentially, is placed -- is expended on litigating that same

12

1     claim when it gets to federal court.
2             And the distinction I see here is, it's the FLSA
3     claim that was the driver of the federal case.  That's the one
4     that time and money was spent on and there was no time and
5     money really spent or wasted in federal court duplicatively on
6     the state law claim.  That's what I thinK is the difference.
7     Do you understand what I'm saying?
8             MR. KATAEV:  I understand what you're saying, Your
9     Honor, but defendants respectfully disagree with that
10    analysis.
11            THE COURT:  Well I figured you would, yes.  Then why
12    --
13            MR. KATAEV:  You believe -- I'm sorry, go ahead?
14            THE COURT:  Why is that wrong?  Why is that analysis
15    wrong?
16            MR. KATAEV:  I'm going to pull up quickly my
17    research on this and I'll look at that.  I think that will be
18    the most --
19            THE COURT:  Sure.  And I guess what we're saying is,
20    it's not mandatory to impose the sanction, it's discretionary.
21            And the real question is why in that situation
22    should the court exercise it's discretion when what was really
23    litigated in federal court was the FLSA claim, which is not
24    included in the state court, and that New York Labor Law
25    claims weren't really litigated.

13

1        There wasn't time and money that was expended in
2   federal court that one would say was wasted on that New York
3   Labor Law claim when it -- and had to be duplicated in the
4   state court.
5        MR. KATAEV:  In response to that, Your Honor, I rely
6   on authority from the Eastern District of New York.  The case
7   of *Young v. Dole*.        THE COURT:  Okay.
8        MR. KATAEV:  -- it's not a published decision but
9   the Westlaw cite is 1991 WL 158977.  And that case stands for
10  the proposition --
11       MR. SCHWEITZER:  Wait, 198 -- 15897 what?
12       THE COURT:  Seven.
13       MR. KATAEV:  97.  That case stands for the
14  proposition that costs may be imposed under Rule 41(d) where
15  plaintiff has brought a second identical or nearly identical
16  claim and has requested identical or nearly identical relief.
17       So in both cases, they're both wage and hour claims,
18  which makes them nearly identical, they don't have to be
19  identical and they both seek the same type of relief, wages
20  owed -- alleged wages owed, liquidated damages, attorney's
21  fees and costs.
22       And, you know, in terms of the relief sought, it is
23  identical.  There's no question about that.  But in terms of
24  the claims brought, they are nearly identical and there is
25  case law that says even though there's a lot of nuances

14

1  between the federal and state wage and hour laws, that the
2  federal court analyze them under the same lens.
3       So I think I stand on firm footing in our viewing
4  based on *Young* and the fact that courts have routinely found
5  that the federal and state wage and hour laws are examined
6  under the same lens.  But this falls within the ambit of Rule
7  41(d).
8       THE COURT:  So I guess this is broken down, at least
9  in my mind based on what you said and I appreciate what you
10 said, into two questions.
11      The first is, does this case fall within the ambit
12 of 41(d)?  In other words, does the court have the discretion
13 if it wishes, to exercise it to impose costs against the
14 plaintiff for the FLSA claims, and then bring it in the state
15 court again under the New York Labor Law?
16      And the second question is, should the court
17 exercise its discretion to do so?  And if I agreed with you
18 that this case does fall within the ambit of 41(d), there
19 still would be the second question which is, does it -- is
20 there any really truly any duplicative work or anything else
21 that would justify the imposition of sanctions and costs in
22 this particular case?
23      I mean what was the real prejudice to you?  You won
24 your claim, you got them to withdraw their claim -- part of
25 their claims, in fact, probably the more serious claims

15

1    because it involved the collective, in federal court.  You
2    didn't really litigate the state law claims.
3             As far as I could tell, there was no discussion in
4    the pre-motion conference letter or anywhere else really,
5    about the New York Labor Law claims.
6             So there was no real prejudice and to the extent
7    that 41(d) is looking towards prejudice or that would be a
8    policy to distinguish it from Rule 11, the court might be
9    hesitant to impose costs here.
10            MR. KATAEV:  I'm prepared to address that, Your
11   Honor.
12            First, I agree completely with the court's analysis
13   in terms of the two step approach.  It is completely within
14   the courts discretion.
15            I do believe that there is a sufficient waste of
16   work here to form a basis for awarding some form of attorneys
17   fees and costs.
18            The basis for that first, is as discussed was the
19   collective action claim which that work was wasted.  That work
20   that was spent in dealing with the collective action will not
21   be addressed in the state court action.  That's one.
22            Two, there's the requirement under the federal law
23   that the plaintiffs have to show a nexus with interstate
24   commerce or any minimum amount of sales to the extent that our
25   billing records would show that we spent any time with the

16

1   client concerning whether there were $500,000 in gross sales
2   or a nexus within the state commerce, which I doubt. It's a
3   car dealership. But to the extent that we spent time on the
4   $500,000 issue, that would be wasted work.
5           There's also the fact that the actual minimum wage
6   amounts differ between the two. Federal wage and hour law is
7   7.25 an hour and New York Labor law is higher than that.
8           So the analysis is different because these are
9   commissioned sales people and they were exempt from overtime.
10  So in order to determine whether there's a violation, you have
11  to factor that.
12          Further, the amount of time spent differs -- I'm
13  sorry, the amount of wasted work includes the fact that
14  there's differing statutes of limitations between the two.
15  And in addition, the regular rate of pay under the New York
16  Labor law is calculated differently than the regular rate of
17  pay under the Fair Labor Standards Act.
18          So those nuances between the wage and hour laws, all
19  of them serve as demonstrable differences between the two
20  statutes such that there is wages of work because we analyzed
21  both separately.
22          If we had moved forward, for example, if the
23  plaintiff had not voluntarily withdrawn the case, we would
24  have moved forward with the motion to dismiss and the motion
25  to dismiss would say, for example, you know, the FLSA claims

1  must be dismissed.  And then separately we would argue too,
2  supplemental jurisdiction should not be exercised.
3          And then we would argue separately that even if
4  supplemental jurisdiction was exercised, here's why the New
5  York Labor law claims are no good.
6          And so I would submit that there are sufficient
7  differences between the two as I outlined just now, that would
8  warrant the finding that there was wasted work.
9          And I believe the billing records that we would
10 submit, were the court to find that we're entitled to fees,
11 would show that and would allow the court to meet that
12 determination.
13         MR. SCHWEITZER:  However, the standard is not wasted
14 work, it is duplicative work and the difference --
15         THE COURT:  Right.
16         MR. SCHWEITZER:  -- between the statutes that
17 defense counsel has highlighted only served to illustrate how
18 the work they're doing in the federal and state cases is not
19 duplicative.  It is different.
20         Further, while *Young v. Dole* was not cited in the
21 papers, I had a chance to skim it right now while defense
22 counsel was talking and it turns out that the court in *Young
23 v. Dole* actually denied a Rule 41(d) -- the Rule 41(d) motion.
24 That case involved a Title 7 plaintiff who was withdrawing her
25 complaint, I believe six months of barely any litigation, the

18

1  case was in its early stage and the court exercised its
2  discretion not to impose costs.
3        THE COURT: Okay. All right. So I tend to think
4  along the same lines as Mr. Schweitzer on this, but I'll keep
5  an open mind on it.
6        It seems to me that the plaintiffs -- that the
7  defendants wasted work on the FLSA claims, not on the New York
8  Labor law claims and therefore that's why it says to me what
9  you're really complaining about is the Rule 11, a frivolous
10 claim, not duplicative work on the New York Labor law claims
11 because you didn't do duplicative work, you weren't required
12 to litigate that in federal court.
13       And if the court had retained supplemental
14 jurisdiction, there would not have been duplicative
15 litigation.
16       So Mr. Kataev, if you want to, you can supplement,
17 but I think both sides have pretty much articulated their
18 views.
19       If you want to supplement, if you want to submit a
20 one or two page supplement after today's argument, you're
21 welcome to do that and I would give plaintiffs counsel the
22 opportunity to do it, although I think both of you have made
23 your cases orally at this point. But it's up to you.
24       MR. KATAEV: I would like to do it, but if it's
25 permissible Your Honor, I'd like to do it by letter. I would

19

1    just ask for three pages, if that's okay, and I won't seek any
2    reply, I'll allow the plaintiffs stop and then I won't seek
3    any reply.
4         THE COURT:  Okay.  And Mr. Schweitzer, you can rest
5    on what you've said here today, or if you want to, you can
6    respond.
7         MR. SCHWEITZER:  Understood.  If Mr. Kataev is
8    getting a week to respond, can we have a week to supplement,
9    can we have a week to respond?
10        THE COURT:  Of course.
11        And you know, I appreciate -- both of you did a good
12   job arguing it so it made it interesting and I'll look forward
13   to seeing what you have to say and digging into this a little
14   deeper.
15        MR. KATAEV:  So I have October 7th as the date to
16   supplement and October 14th as the date for plaintiffs to
17   respond.
18        THE COURT:  Yes.  Okay.  Thank you both.  Have a
19   nice day.
20        MR. KATAEV:  Thank you, Your Honor.
21        MR. SCHWEITZER:  Thank you, Your Honor, it was a
22   privilege.  I look forward to coming back to court soon.
23        THE COURT:  I would love to see your faces rather
24   just hear your voices.
25        MR. KATAEV:  Thank you again, Your Honor.

20

1    THE COURT: Take care, both of you.
2         (Proceedings concluded.)
3              I, CHRISTINE FIORE, Certified Electronic Court
4    Reporter and Transcriber, certify that the foregoing is a
5    correct transcript from the official electronic sound
6    recording of the proceedings in the above-entitled matter.
7
8
9    *Christine Fiore* (signature)
10   _____          October 14, 2021
11       Christine Fiore, CERT
12
13
14
15
16
17
18
19
20
21
22
23
24