# TROY LAW, PLLC

### ATTORNEYS / COUNSELORS AT LAW

Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342

41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

October 14, 2021

<u>Via ECF</u>

Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Plaintiff's Supplemental Opposition to Defendants' Supplemental Letter**
*Stidhum v. 161-10 Hillside Auto Ave., LLC*, No. 19-cv-01625 (ARR) (RML)

Your Honor,

We represent the Plaintiffs in the above-referenced case. We write respectfully in opposition to defendant's letter supplement to their motion for attorney fees submitted October 8, 2021. *See* Dkt. No. 24. Defendants have waived their right to costs by failure to comply with Court orders to produce records of their counsel's billables, and by the terms of their stipulation of dismissal. Defendants fail to show that their work is wasted or will be duplicated rather than relied upon. And Plaintiffs' withdrawal of their claims and refiling in state court should not be punished, in light of Plaintiffs' good-faith recognition that their federal claims would likely be dismissed and that the court would likely not retain supplemental jurisdiction over the state claims. Plaintiffs' withdrawal and refiling limited the cost and vexatiousness to the parties of litigating several motions (for judgment on the pleadings, for sanctions)—or would have, if Defendants and their counsel were not determined to squeeze every last drop of blood from this stone.

1. <u>Defendants Have Waived their Right to Costs</u>

"Payment of fees [upon dismissal without prejudice] must be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees awarded must be supported by evidence in the record." *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343–44 (S.D.N.Y. 2009), *accord*, *Preferred Freezer Servs., LLC v. Preferred Freezer Servs., LLC v. Americold Realty Trust*, No. 19-cv-02926 (VSB), 2020 U.S. Dist. LEXIS 27495, *8–9 (S.D.N.Y. Feb. 18, 2020). Defense counsel was questioned as to the amount of work performed at the September 30, 2021 conference with Your Honor, and was unable to offer more than speculation that between eight and fifteen hours was spent litigating this action, and was unable to speak at all as to who performed what work and at what rates. Then, when given the opportunity to supplement his motion papers with evidence as to the amount of work performed and at what rates, Defense counsel failed to do so. *See* Minute Entry (Sep. 30, 2021) ("*In response to the court's questions*, defendants will file a supplemental letter brief….) (emphasis added); *c.f.* Dkt. No. 24 (containing no evidence or indeed any representations about the amount of work performed or the costs incurred).

The Court made clear its intent that it would hear "no further briefing" after Defendants' supplemental submission and Plaintiffs' reply. *Id.*  Defendants were thus on notice that they should

Honorable Robert M. Levy, U.S.M.J
*161-10 Hillside Auto Ave., LLC, et al.* 1:19-cv-1625 (ARR) (SMG)
*October 14, 2021*

substantiate the amount of their costs on this supplemental motion, rather than wait until after the decision on whether costs would be awarded. *Id.*; *c.f. Preferred Freezer Servs., LLC*, 2020 U.S. Dist. LEXIS 27495, *11–12 ("[I]t is conventional to decide the movant's entitlement to an award first, then rule on the specific amount that is recoverable after giving the parties an opportunity to agree on reasonable costs and make any submissions as to the size of the award."). Where a party seeking costs fails to make this evidentiary showing, especially pursuant to a court's order that it do so, it is "deemed to have waived its right to recover costs pursuant to Rule 41(d)." *Horowitz v. 148 South Emerson Assocs., LLC*, No. 16-cv-02741 (SJF) (AKT), 2016 U.S. Dist. LEXIS 184189, at *42 (E.D.N.Y. Oct. 19, 2016).

A recent analogous case that arose in this District resulted in denial of defendants' motion for costs under Rule 41(d). *See Iberia Foods Corp. v. Latinfood U.S. Corp.*, No. 20-cv-03009 (KAM) (RLM), 2021 U.S. Dist. LEXIS 79153, at *7 (E.D.N.Y. Apr. 26, 2021) ("Defendants' motion for attorneys' fees ignored this court's order to file the contemporaneous attorney time entries showing the hours worked and the fees billed by their attorneys. It is well-settled that a party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Here, Defendants apparently preferred to engage in a two-step process, in which the court would first determine their entitlement to an award of attorneys' fees, and then would make a separate determination as to the amount of fees. Such an approach would ordinarily be permissible; however, in this case, when setting a briefing schedule for the parties' cross-motions for attorneys' fees, the court specifically directed that any request for attorneys' fees and costs should be supported by contemporaneous time entries and documentation of costs.… Defendants ignored this Order.") (internal citations and punctuation omitted).

Defendants' letter goes into great detail about the differences between the FSLA and NYLL, but fails to support a finding that significant time was spent litigating this case in federal court. Having practiced for nearly 60 years in the field of labor relations and employment litigation (*see* https://www.milmanlabuda.com/), none of the issues raised in this case would be novel or unfamiliar to Defendants, requiring original research.

By failing to make the evidentiary showing of the amount of costs to which they are entitled as part of their supplemental briefing, Defendants have thus waived their right to costs pursuant to Rule 41(d).

Additionally, Defendants waived their right to collect costs by the terms of the stipulation of dismissal, which provided that "each party [was] to bear its own costs." *See* Dkt. No. 17.

2. Defendants Fail to Show Wasted Work or that they will Perform Duplicative Work

"The purpose of [awarding attorney's fees] is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985), *accord Hintergerger v. Catholic Health Sys.*, No. 08-cv-00952S (WMS), 2012 U.S. Dist. LEXIS, at *4 (W.D.N.Y. May 28, 2012).

While Defendants in their supplemental brief focus on the differences between the FLSA and NYLL, neither interstate commerce nor statute of limitations nor regular rate calculations

Honorable Robert M. Levy, U.S.M.J
*161-10 Hillside Auto Ave., LLC, et al.* 1:19-cv-1625 (ARR) (SMG)
*October 14, 2021*

featured in Defendants' opposition to Plaintiffs' motion for pre-motion conference and cross-motion for pre-motion conference. *See* Dkt. No. 15. Rather, Defendants argued that Plaintiffs could not make out a claim for unpaid overtime under either statute. *See id.*, at *1–3. Plaintiffs have claimed unpaid overtime under NYLL in the state case, so rather than being wasted, that work can be put to use. Nor is it likely to be duplicative, having already been done. *See Adams*, 630 F. Supp. 2d at 343–44 ("Payment of fees [upon dismissal without prejudice] must be limited to compensation for work that cannot be used in a second contemplated action….").

Nor can Defendants' work opposing Plaintiffs' request for a pre-motion conference for conditional certification be said to be wasted, since Defendants got what they wanted—Plaintiffs dropped their motion for a pre-motion conference, did not seek a collective in either this case or in the state court case, and voluntarily dismissed this case so as to avoid litigation a motion for judgment on the pleadings as to their federal claims (a judgment which, if decided in Defendants' favor, would have deprived the court of supplemental jurisdiction unless it chose to exercise it). As Defendants pointed out in their opposition and cross-motion, and as the Court observed at the September 30, 2021 conference, the propriety of Plaintiffs' federal claims was really a Rule 11 issue, but the purpose of a Rule 11 motion (dismissal of Plaintiffs' federal claims) was accomplished without a motion having to be made.

Even if the Court was inclined to award Defendants costs on the FLSA-only collective issue, which will not arise in the state court case, it could not do so, because Defendants have failed to provide the Court with evidence of the amount of time spent on each issue. The Court thus cannot perform its required function of limiting costs to "compensation for work that cannot be used in a second contemplated action." *Adams*, 630 F. Supp. 2d at 343–44.

3. Defendants Fail to Show Why the Court Should Exercise its Discretion to Award Costs

"Awarding costs and attorneys' fees under Rule 41(d) is completely discretionary. Thus, even though a defendant need not show a plaintiff acted in bad faith in order to recover, a district court may refuse to impose Rule 41(d) costs on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs." *Adams*, 630 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (internal punctuation and citations omitted). Here, as in *Iberia Foods*, where the court declined to exercise its discretion to award costs, there is no indication that Plaintiffs' decision to discontinue their action in this court in order to file in state court was forum shopping, either in reaction to initial unfavorable rulings (of which there were none made), or in the hope of a more favorable judicial assignment. *See Iberia Foods Corp.*, 2021 U.S. Dist. LEXIS 79153, at *10 ("There were no decisions issued by the state court judge in the first action, unfavorable or otherwise. The parties never appeared before the state court, and Latinfood's motion to dismiss was never decided."). "This case is thus readily distinguishable from *Horowitz*." *Id.* The decision to refile in state court was made following a good faith recognition that Plaintiffs' federal claims would likely be dismissed and the federal court would decline to exercise supplemental jurisdiction. *C.f. Iberia Foods Corp.*, at *11 ("Further, the decision to litigate in federal court appears to have been made following a good faith recognition that federal claims should be added to the complaint, based on new information.").

Honorable Robert M. Levy, U.S.M.J
*161-10 Hillside Auto Ave., LLC*, *et al.* 1:19-cv-1625 (ARR) (SMG)
*October 14, 2021*

     For all the reasons stated above, the Court should go with its initial inclination, expressed at the September 30, 2021 conference, to exercise its discretion not to award costs.

     We thank the Court for its time and consideration in this matter

Dated: Flushing, NY
       October 14, 2021

                           Respectfully submitted,

                           */s/ Aaron B. Schweitzer*
                           Aaron B. Schweitzer
                           Troy Law, PLLC
                           41-25 Kissena Boulevard
                           Suite 103
                           Flushing, NY 11355
                           Phone: (718) 762-1324
                           troylaw@troypllc.com

cc:    via ECF
       all counsel of record
       /asb