UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LETICIA STIDHUM and DAVID MANRIQUE, on
their own behalf and on behalf of others similarly
situated,

                Plaintiffs,                                REPORT AND
                                                                                  RECOMMENDATION

   -against-
                                                                                    19 CV 1625 (ARR)(RML)

161-10 HILLSIDE AUTO AVE., LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTOMALL INC d/b/a
Hillside Auto Mall, ISHAQUE THANWALLE, and
RONALD M. BARON,

                Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated August 25, 2021, the Honorable Allyne R. Ross, United States District Judge, referred defendants' motion for attorney's fees to me for report and recommendation. For the reasons stated below, I respectfully recommend that defendants' motion be denied.

## BACKGROUND

        On March 22, 2019, plaintiffs Leticia Stidhum and David Manrique, on behalf of themselves and others similarly situated ("plaintiffs"), commenced this wage-and-hour action alleging that defendants 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet, Hillside Automall Inc d/b/a Hillside Auto Mall, Ishaque Thanwalle, and Ronald M. Baron (collectively, "Hillside Auto" or "defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the New York Labor Law ("NYLL") § 605, *et seq.*, and the New York Codes, Rules, and Regulations ("NYCRR"), § 146. (See generally Complaint, dated Mar. 22, 2019, Dkt. No. 1.) On August 9, 2019, following an initial conference before then-Magistrate Judge Steven

M. Gold, the parties agreed to dismiss all claims without prejudice and bear their own costs. (Stipulation of Dismissal, dated July 31, 2019, Dkt. No. 17.) On August 12, 2019, Judge Ross so-ordered the stipulation of dismissal. (Stipulation of Dismissal Without Prejudice, dated Aug. 12, 2019 ("Stipulation"), Dkt. No. 18.)

On October 13, 2019, plaintiffs commenced a state law action in the Supreme Court of the State of New York against defendants in pursuit of the NYLL claims. (Memorandum of Law in Opposition to Defendants' Motion for Attorneys' Fees, filed Sept. 6, 2021 ("Pls.' Mem."), Dkt. No. 21.) The state law action is pending. (Id.)

Approximately two years later, on August 23, 2021, Hillside Auto moved for attorney's fees pursuant to FED. R. CIV. P. 41(d). (Motion for Attorney's Fees, dated Aug. 23, 2021, Dkt. No. 19.) Judge Ross referred defendants' motion to me for report and recommendation. (Order Referring Motion, dated Aug. 25, 2021.) On September 30, 2021, I heard oral argument. (See Transcript, dated Sept. 30, 2021 ("Tr."), Dkt. No. 25), after which the parties filed supplemental submissions. (See generally Letter of Emanuel Kataev, Esq., dated Oct. 8, 2021("Defs.' Supp. Mem."), Dkt. No. 24; Letter of Aaron B. Schweitzer, Esq., dated Oct. 14, 2021 ("Pls.' Resp."), Dkt. No. 26.)

## DISCUSSION

Hillside Auto seeks attorney's fees for the time spent litigating the FLSA claim before the case was voluntarily dismissed. (Defendants' Memorandum of Law in Support of Motion for Attorneys' Fees, dated Aug. 23, 2021 ("Defs.' Mem."), Dkt. No. 20, at 2.) Defendants argue that the time spent on the FLSA claim was wasted and duplicative because that claim should never have been brought in federal court, and the work defending against the federal claim cannot be used in the state action composed of state law claims. (Defs. Supp.

2

Mem. at 2.) Plaintiffs oppose on the ground that the stipulated dismissal requires defendants to cover their own costs. (Pls.' Mem. at 3.) Additionally, plaintiffs argue that defendants' work on the first action was not wasted because it caused plaintiffs to voluntarily dismiss the FLSA claim, and the state law action does not require defendants to duplicate work because the state law claims were not litigated in the federal action. (Pls.' Resp. at 3.) I will address each argument in turn.

### A. The Stipulation

"'Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted)). Here, Hillside Auto seeks attorney's fees pursuant to Rules 41(a)(2) and 41(d). (Defs.' Mem. at 2.) However, Hillside Auto mischaracterizes the dismissal by incorrectly claiming the action was dismissed under FED. R. CIV. P. 41(a)(2) and neglecting to acknowledge the stipulation of dismissal. The parties, together, voluntarily agreed to dismiss the claim under FED. R. CIV. P. 41(a)(1)(A)(ii) without prejudice and to bear their own costs. (See Stipulation.)

A stipulation between parties is an enforceable agreement subject to general rules of contract law. Liberty Synergistics, Inc. v. Microflo, Ltd., No. 11 CV 0523, 2018 WL 5801280, at *3 (E.D.N.Y. Nov. 6, 2018) (citations omitted), report and recommendation adopted, 2019 WL 938768 (E.D.N.Y. Feb. 26, 2019); see also Aberra v. City of New York, No. 18 CV 01138, 2020 WL 11772386, at *10 (S.D.N.Y. July 31, 2020) (citations omitted), report and recommendation adopted, 2020 WL 11772387 (S.D.N.Y. Aug. 24, 2020). Neither party disputes

the validity of the stipulation. In fact, the parties could have agreed that attorney's fees would be paid by the plaintiffs if they chose to bring their remaining claims in state court, but they did not do so. See ILC Dover LP v. FloodBarrier, Inc., No. 20 CV 21350, 2020 WL 9935650, at *3 (S.D. Fla. July 15, 2020) (awarding fees after the first action was dismissed under Rule 41(a)(1)(A)(ii) when the stipulation expressly stated defendants did not waive their rights under 41(d)); see also Andrews v. Marshall, No. 16 CV 814, 2021 WL 2117912, at *8 (M.D. Fla. May 6, 2021), report and recommendation adopted, 2021 WL 2106515 (M.D. Fla. May 25, 2021) (awarding fees after the first action was dismissed under 41(a)(1)(A)(ii) when the parties expressly agreed the plaintiffs would cover specific costs if they refiled a second complaint based on the same facts or occurrence); but see Clapp v. Websta's Aviation Servs., Inc., No. 11 CV 80059, 2011 WL 2262487, at *2 (S.D.Fa. June 7, 2011) (declining to award fees when the parties "did not condition the dismissal and refiling of the case…on [plaintiff's] payment of costs or attorney's fees"). Hillside Auto is bound by the terms of the stipulation and is therefore responsible for its own attorney's fees. Therefore, I respectfully recommend that Hillside Auto's motion for attorney's fees be denied.

    B. Rule 41(d)

Even if the stipulation did not preclude Hillside Auto from recovering attorney's fees, defendants would still not be entitled to attorney's fees under Rule 41(d). FED. R. CIV. P. 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files [a second] action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of the previous action; and (2) may stay the proceedings until the plaintiff has complied." FED .R. CIV. P. 41(d). The Second Circuit has held that attorney's fees may be awarded as a part of costs under Rule 41(d) and that awarding

such costs is within a court's discretion. Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 25 (2d Cir. 2018); see also Iberia Foods Corp. v. Latinfood U.S. Corp., 20 CV 3009, 2021 WL 1616916, at 3* (E.D.N.Y. Apr. 26, 2021) ("[T]he plain language of [Rule 41(d)] does not mandate an award of costs or attorney's fees. Rather, it provides that a court *may* award costs." (citation omitted)(emphasis in original)). As a general rule, a court may decline to award attorney's fees pursuant to Rule 41(d) if "there was good reason for the dismissal of the prior action." Zucker v. Katz, 708 F. Supp. 525, 539 (S.D.N.Y. Mar. 1, 1989) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2375, at 244 (4th ed. 2021)).

"The purpose of Rule 41(d) is 'to prevent forum-shopping within the federal court system'…[and] serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed. . . .'" New Phone Co., Inc. v. N.Y. City Dept. of Info. Tech. & Telecomm., Nos. 06 CV 3529, 07 CV 2474, 2007 WL 2908110, at *16 (E.D.N.Y Oct. 5, 2007) (quoting Delvalle v. Cedric Kushner Promotions, Ltd., No. 00 CV 5688, 2000 WL 1915808, at *1 (S.D.N.Y. Jan. 9, 2000), report and recommendation adopted, 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008); see also Stiftung v. Sumitomo Corp., No. 99 CV 1108, 2001 WL 1602118, at *9 ("The intended purpose of Rule 41(d)…[is] to deter 'forum shopping and vexatious litigation.'" (citation omitted)). Rule 41(d) targets litigants who "file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable." Horowitz, 888 F.3d at 26.

Here, defendants have presented no evidence of bad faith, forum shopping, or vexatious litigation by plaintiffs. Upon realizing the weakness of their FLSA claims, plaintiffs agreed to voluntarily dismiss this action. Plaintiffs then refiled only their state law claims in state court because federal court was no longer the proper forum. Moreover, plaintiffs did not face any unfavorable rulings prior to dismissal that might have influenced their decision to

5

dismiss their claim in the hope of getting a better outcome elsewhere. See Iberia Foods Corp., 2021 WL 1616916, at *4 (declining to award attorney's fees where no decisions were issued by the judge in the first action "unfavorable or otherwise."); but see Horowitz, 888 F.3d at 23 (2d Cir. 2018) (awarding attorney's fees when plaintiffs filed a second similar action in federal court after their state court claims were deemed "meritless".).

Additionally, Hillside Auto's efforts in the first action were not "wasted" because the FLSA claim was dismissed, which was defendant's goal. (Letter of Emanuel Kataev, Esq., dated July 25, 2019, Dkt. No. 15.) Further, defendants will not be required to duplicate work in the state court action because the NYLL claims were not litigated in the first action. (See Tr.) In fact, the FLSA and NYLL are different statutes with different standards, and the state law action does not include the FLSA claim. While the court acknowledges the frustration of spending time litigating a claim that is subsequently dismissed, awarding fees in this case would be contrary to the spirit of Rule 41(d).

Accordingly, I find that there is no basis to award Hillside Auto attorney's fees. I respectfully recommend that the motion be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that defendants' motion for attorney's fees be denied. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Ross and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
March 3, 2022