UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LETICIA STIDHUM and DAVID MANRIQUE, on their own behalf and on behalf of others similarly situated,

                         **Plaintiffs,**

   - against -

161-10 HILLSIDE AUTO AVE., LLC d/b/a Hillside Auto Outlet, HILLSIDE AUTOMALL INC d/b/a Hillside Auto Mall, ISHAQUE THANWALLE, and RONALD M. BARON,

                         **Defendants.**
----------------------------------------------------------------X

Case No.: 1:19-cv-1625 (ARR) (RML)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR OBJECTIONS TO THE HON. ROBERT M. LEVY, U.S.M.J.'S MARCH 3, 2022 REPORT & RECOMMENDATION DENYING DEFENDANTS' <u>MOTION FOR ATTORNEYS' FEES</u>**

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

i

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**...................................................................................................1

**ARGUMENT** ................................................................................................................................3

**CONCLUSION**............................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

Horowitz v. 148 S. Emerson Assoc. LLC,
    888 F3d 13 (2d Cir. 2018) .................................................................................................. 3, 5

Garza v. Citigroup Inc.,
    311 F.R.D. 111 (D. Del. 2015) ............................................................................................ 2

Garza v. Citigroup Inc.,
    881 F.3d 277 (3d Cir. 2018) ................................................................................................ 2

Neurological Surgery, P.C. v. Aetna Health, Inc.,
    No. 16-CIV.-4524 ............................................................................................................. 3, 4

Neurological Surgery, P.C. v. Aetna Health, Inc.,
    No. 18-CIV.-2167 ............................................................................................................. 3, 4

Neurological Surgery, P.C. v. Aetna Health, Inc.,
    No. 2:19-CIV.-4817 (DRH) (ARL), 2022 WL 526409 (E.D.N.Y. Feb. 1, 2022) .......... 3, 4

Neurological Surgery, P.C. v. Aetna Health, Inc.,
    No. 2:19-CIV.-4817 (DRH) (ARL), 2022 WL 523599 (E.D.N.Y. Feb. 22, 2022) ........ 3, 4

Van v. Language Line Services, Inc.,
    No. 14-CIV.-3791 (LHK), 2016 WL 3143951 (N.D. Cal. Jun. 6, 2016) ........................... 2

Van v. Language Line Services, Inc.,
    733 Fed. Appx. 349 (9th Cir. 2018) .................................................................................... 2

Young v. Dole,
    Civ. No. 90–2667 (TCP), 1991 WL 158977 (E.D.N.Y. July 11, 1991) ............................. 2

**Rules**

Rule 11 ................................................................................................................................. 1

Rule 41 ..................................................................................................................... 1, 2, 3, 4, 5

**PRELIMINARY STATEMENT**

In opposing the instant objections, Plaintiffs cite to the standard for setting aside a report and recommendation and merely mirror the same reasoning offered by the Hon. Robert M. Levy, U.S.M.J. ("Judge Levy") in denying Defendants' attorneys' fees under Rule 41(d) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

In doing so, Plaintiffs conflate the statutory grant of attorneys' fees under the Fair Labor Standard Act ("FLSA") and the Employment Retirement Income Security Act ("ERISA") whilst failing to realize that Rule 41(d) itself independently provides aggrieved parties with a statutory right to attorneys' fees. As such, it is irrelevant as to whether the underlying case fell under the FLSA or ERISA; if the underlying case was a breach of contract action and the elements of Rule 41(d) were met, the aggrieved party would be entitled to attorneys' fees.

Here, the aggrieved parties are the Defendants, against whom Plaintiffs filed a meritless complaint in federal court in violation of Rule 11 which provides that, by presenting to the court a pleading, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims and other legal contentions are warranted by existing law. Notwithstanding this requirement, Plaintiffs, together with their counsel, improperly filed this case in federal court, where it had no business being filed in the first place because federal law exempts car salespersons from the FLSA's overtime requirements. After Defendants filed their letter motion seeking a pre-motion conference in anticipation of their motion to dismiss, Plaintiffs waved the white flag, conceded they had no business filing this complaint in the first instance, and voluntarily withdrew their claims without prejudice. Plaintiffs then simply filed another action in state court asserting NYLL wage-and-hour claims that assert the same factual allegations as their prior FLSA claims.

The Second Circuit has held that the voluntary withdrawal of a case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), whether by stipulation or notice, entitles Defendants to an award of attorneys' fees, especially where the same or nearly identical claims are later pursued in a subsequent forum. See Garza v. Citigroup Inc., 311 F.R.D. 111, 114–15 (D. Del. 2015), aff'd 881 F.3d 277 (3d Cir. 2018) ("Rule 41(d) applies "only in those cases where the plaintiff has brought an identical, *or nearly identical*, claim and requested identical, *or nearly identical*, relief" in a new action after voluntarily dismissing a case between the same parties") (citing Young v. Dole, Civ. No. 90–2667 (TCP), 1991 WL 158977, at *3 (E.D.N.Y. July 11, 1991) (emphasis added)).

In addition, other courts have previously granted the relief requested here when federal claims were voluntarily withdrawn only to have analogue state law claims pursued in state court. See Van v. Language Line Services, Inc., No. 14-CIV.-3791 (LHK), 2016 WL 3143951, at *3 (N.D. Cal. Jun. 6, 2016), aff'd in part, 733 Fed. Appx. 349 (9th Cir. 2018) (in case where California wage & hour claims were withdrawn in state court and FLSA claims were subsequently pursued in federal court, "[t]he Court first found that '[a] comparison of Plaintiff's state court complaint and federal [c]omplaint reveals that the two pleadings are functionally indistinguishable.' … The Court then found that costs were warranted because "the circumstances of Plaintiff's 'transfer' of her state court action to federal court are indicative of the type of forum shopping that Rule 41(d) aims to prevent").

Defendants were required to unnecessarily spend time and resources researching and explaining to this Court that this case should have never been filed in the first place on the aforesaid grounds.

Plaintiffs voluntarily withdrew this case solely as a result of Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss, and Rule 41 permits – and for the reasons set forth below, this Court should – award Defendants attorneys' fees for being forced to defend this case.

Accordingly, as Plaintiffs provide no appropriate basis for denying the relief requested by Defendants, this Court should grant attorneys' fees and costs to Defendants and stay Plaintiffs' state court action until the same is paid.

## ARGUMENT

Plaintiffs first argue that the American Rule requires each litigant to pay his own attorneys' fees *unless a statute or contract provides otherwise*, and thus Defendants cannot be entitled to statutory attorneys' fees where the FLSA only permits such awards to employees, whereas statutory attorneys' fees under ERISA may be awarded to either party who prevails. See Plaintiffs' Memorandum of Law in Opposition ("Pl. Mem.") at 2. However, Plaintiffs miss the mark in arguing about the differences between statutory awards of attorneys' fees under the FLSA and ERISA.

This is because Rule 41(d) is an independent statute that has nothing to do with the FLSA and ERISA. See Horowitz v. 148 S. Emerson Assoc. LLC, 888 F3d 13, 25 (2d Cir. 2018) (referring to Rule 41(d) as a statute in determining whether its provision provides for the award of attorneys' fees).

Failing to make way with this argument, Plaintiffs orient themselves into another dead end by arguing that the Neurological Surgery, P.C. case was not dismissed by a stipulation of voluntary dismissal as it was in this case. Plaintiffs' argument on this front is also of no merit. In Neurological Surgery, P.C., Judge Lindsay noted in a footnote as follows:

3

> Defendants contend that Plaintiff's present suit is the third time it brings an action "over the same subject matter." Def. Mem. at 3. The first was Neurological Surgery, P.C. v. Aetna Health Inc., No. 16-4524 (E.D.N.Y. 2016), voluntarily dismissed without prejudice via notice pursuant to a Federal Rule of Civil Procedure 41(a)(1)(A)(i). That action was commenced in state court via a summons with notice and then removed. **No complaint was filed in that matter.** *The second was Neurological Surgery, P.C. v. Aetna Health Inc., No. 18-2167 (E.D.N.Y. 2018), voluntarily dismissed without prejudice via stipulation pursuant to Rule 41(a)(1)(A)(ii).*

See No. 2:19-CIV.-4817 (DRH) (ARL), 2022 WL 526409, at *1 (E.D.N.Y. Feb. 1, 2022), report and recommendation adopted, 2022 WL 523599 (E.D.N.Y. Feb. 22, 2022) (emphasis added).

There was and is not anything misleading about Defendants' statement that attorneys' fees were awarded under Rule 41(d) where a stipulation of voluntary dismissal was made pursuant to Rule 41(a)(1)(A)(ii); that statement is entirely true.

The reason "the parties in *Neurological Society* entered into a stipulation of voluntary dismissal *without costs* in 2:18-CIV-2167, not in 19-CV-4817 (DRH)(ARL), in which the Report and Recommendation was issued by Magistrate Lindsay" is because in the 19-CV-4817 case, Judge Hurley dismissed all of the claims there in January and April 2021 as detailed within Judge Lindsay's report and recommendation. Id. at *1 and *2. That there was a prior 2016 case in which no complaint was filed is irrelevant; the defendants in that case did not have to expend any attorneys' fees to defend that case.

As such, Plaintiffs have provided no basis for this Court to adopt Judge Levy's report and recommendation.

Similarly, Plaintiffs contend that Judge Levy did not err in utilizing a finding that Defendants failed to present any evidence of bad faith, forum shopping, or vexatious litigation in bringing their FLSA claims to deny Defendants' attorneys fees because it is within the Court's discretion and the purpose of Rule 41(d) would not have been served by awarding fees.

4

Plaintiffs also argue that their claims under the New York Labor Law ("NYLL") are not the same claims that were brought and subsequently withdrawn under the FLSA.

All of these arguments are entirely unavailing. As discussed by the Second Circuit in Horowitz – where the Georgia state action was contract-based and the federal case was brought under the Lanham Act, a federal law – "t[]hat two actions involve different theories of recovery, however, is not dispositive for Rule 41(d), as its plain language—"*based on ...* the same claim"— makes clear." The same applies here, where claims under the FLSA and NYLL are based on the same claim to alleged unpaid wages.

Crucially, in analyzing whether it should affirm Judge Feuerstein's decision to award attorneys' fees under Rule 41(d), the Second Circuit stated:

> Rather, Montauk chose instead to voluntarily dismiss the Georgia state action and file its Lanham Act claims in federal court in another state. Moreover, it did so immediately after the Georgia state court stated its belief that the action was meritless and that its filing likely contravened an order of another court, which was itself addressing substantially related claims. This is the precise type of litigation tactic that Rule 41(d) is meant to deter.

See Horowitz, 888 F.3d at 23. In essence, the same exact thing happened here. Magistrate Judge Gold informed Plaintiffs at a July 26, 2019 conference that it is likely the FLSA claims would be dismissed based on Defendants' letter (see Docket Entries 15-16). Plaintiffs immediately voluntarily dismissed their claims in the face of this and refiled in state court and this Court then dismissed the case. See Docket Entries 17-18. Accordingly, fees should be awarded here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (i) set aside Judge Levy's Report & Recommendation dated March 3, 2022, and (ii) for such other and further relief as this honorable Court deems just and proper.

5

Dated:  Lake Success, New York
        April 14, 2022

        **MILMAN LABUDA LAW GROUP PLLC**

        By:  */s    Emanuel Kataev, Esq.*
        Emanuel Kataev, Esq.
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY 11042-1073
        (516) 328-8899 (office)
        (516) 303-1395 (direct dial)
        (516) 328-0082 (facsimile)
        emanuel@mllaborlaw.com

        *Attorneys for Defendants*