UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
LETICIA STIDHUM and DAVID MANRIQUE, on their : 19-CV-1625 (ARR) (RML)
own behalf and on behalf of others similarly situated :
: NOT FOR ELECTRONIC
*Plaintiffs*, : OR PRINT PUBLICATION
:
   -against- :
: **OPINION & ORDER**
:
161-10 HILLSIDE AUTO AVE., LLC d/b/a Hillside :
Auto Outlet, HILLSIDE AUTOMALL INC d/b/a :
Hillside Auto Mall, ISHAQUE THANWALLE, and X
RONALD M. BARON,

*Defendants*.

-------------------------------------------------------------------

ROSS, United States District Judge:

Defendants in this case have filed objections to a Report and Recommendation, issued March 3, 2022, by the Honorable Robert M. Levy, United States Magistrate Judge. Because I find that Judge Levy's Report and Recommendation withstands defendants' objections under the applicable standard of review, I adopt his recommended disposition. Accordingly, defendants' Motion for Attorney's Fees is denied.

## BACKGROUND

As I presume familiarity with the facts in this case, I recount them here only briefly. Plaintiffs Leticia Stidhum and David Manrigue, on behalf of themselves and others similarly situated, commenced this wage-and-hour action against defendants 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet, Hillside Automall Inc d/b/a Hillside Auto Mall, Ishaque Thanwalle, and Ronald M. Baron on March 22, 2019. *See* R. & R. 1, ECF No. 27. Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the New York

Labor Law ("NYLL") § 605, *et seq.*, and the New York Codes, Rules, and Regulations ("NYCRR") § 146. *Id.* On August 9, 2019, following an initial conference with then-Magistrate Judge Steven M. Gold, the parties filed a Stipulation of Dismissal (the "stipulation") wherein they agreed to dismiss all claims without prejudice and to bear their own costs. *Id.* at 1–2; Stipulation of Dismissal, ECF No. 17. I ordered the matter dismissed pursuant to these terms. Order, ECF No. 18.

On October 13, 2019, plaintiffs commenced a state law action against defendants in the Supreme Court of the State of New York in pursuit of their NYLL claims; this action is still pending. R. & R. 2.

Nearly two years after stipulating to a dismissal of the federal action, defendants moved for attorney's fees under Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 41(d). *Id.* Under Rule 41(d), where a plaintiff who previously dismissed an action in court files a subsequent action based on or including the same claim against the same defendant, a court may order the payment of all or part of the costs of the previous action. Fed. R. Civ. P. 41(d). I referred defendants' motion to Judge Levy, who, by Report and Recommendation dated March 3, 2022, recommended I deny defendants' claims. *See generally* R. & R. Defendants filed their objections to this recommendation on March 28, 2022. *See* Defs.' Mem. in Supp. of Mot. to Set Aside R. & R. ("Defs.' Objs."), ECF No. 31. Plaintiffs' response was filed on April 11, 2022, *see* Pls.' Opp'n to Defs.' Mot. to Set Aside ("Pls.' Resp."), ECF No. 33, to which defendants replied on April 14, 2022, *see* Defs.' Reply in Supp. of Mot. to Set Aside R. & R. ("Defs.' Reply"), ECF No. 34.

## LEGAL STANDARD

As defendants' Motion for Attorney Fees is not a dispositive motion, *see In re: Terrorist Attacks*, 03-MDL-1570 (GBD), 2015 WL 9255560, at *1 (S.D.N.Y. Dec. 18, 2015), I "must

consider timely objections [made to Judge Levy's Report and Recommendation] and modify or set aside any part of the order that is clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a). This standard of review is highly deferential: "[a] magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed," *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal quotations and citations omitted); *see also Rodriguez v. Pie of Port Jefferson Corp.*, 84 F. Supp. 3d 140, 141 (E.D.N.Y. 2015). Thus, in objecting to Judge Levy's Report and Recommendation, defendants carry a heavy burden of persuasion. *Thai Lao Lignite (Thailand) Co.*, 924 F. Supp. 2d at 512.[1]

## DISCUSSION

### I. Judge Levy's Recommendation.

Judge Levy recommended that I dismiss defendants' motion on two bases. First, Judge Levy concluded that because the parties, together, voluntarily contracted to dismiss plaintiffs' claims under Fed. R. Civ. P.41(a)(1)(A)(ii) without prejudice and to bear their own costs, defendants are bound by the terms of the stipulation. R. & R. 3−4. Next, Judge Levy found that even if defendants were not precluded from seeking attorney's fees by the terms of their stipulation, such relief would not be proper under Federal Rule of Civil Procedure 41(d) because there is no evidence of plaintiffs' bad faith, forum shopping, or vexatious litigation, which Rule 41(d) seeks to protect against. *Id.* at 4−6. Defendants object to both of these grounds. Because Judge Levy's Report and Recommendation looked first to whether defendants could even bring a motion for

---

[1] By contrast, "[t]he [c]ourt is not required to review any portion of a magistrate judge's report that is not the subject of an objection." *Cardell Fin. Corp. v. Suchodolski Assocs.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012).

3

attorney's fees, my analysis begins there.

## II. Defendants Are Precluded from Seeking Attorney's Fees Under the Terms of Their Stipulation.

"[A court's] basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his [or her] own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). As Judge Levy observed, a stipulation between parties is an enforceable agreement subject to the general principles of contract law. *See* R. & R. 3; *Hoblock v. Albany Cnty. Bd. of Elections*, 488 F. Supp. 2d 163, 165–66 (N.D.N.Y. 2006) ("[S]tipulations and orders are binding agreements[] that are enforceable just as contracts are."); *Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-523 (MKB) (SIL), 2018 WL 5801280, at *3 (E.D.N.Y. Nov. 6, 2018), *report and recommendation adopted*, 2019 WL 938768 (E.D.N.Y. Feb. 26, 2019). Accordingly, a stipulation "should be interpreted within the four corners of the document." *In re Neuman*, 55 B.R. 702, 705 (S.D.N.Y. 1985).

Here, parties stipulated and agreed that pursuant to Rule 41(a)(1)(A)(ii), plaintiffs' action against defendants would be dismissed "without prejudice and *with each party to bear its own costs.*"[2] Stipulation of Dismissal (emphasis added). Because neither party disputes the validity of

---

[2] Although the Second Circuit has not addressed whether a voluntary dismissal—brought pursuant to Fed. R. Civ. P. 41(a)—in which the parties agree to bear their own costs encompasses attorney's fees, *see Liberty Synergistics, Inc.*, 2018 WL 5801280, at *3 n.3, I find that plaintiffs' and defendants' reference to "costs" in their stipulation contemplated attorney's fees. Instructive on this point is this circuit's holding in *Horowitz v. 148 South Emerson Associates LLC*, 888 F.3d 13, 25 (2d Cir. 2018) that "costs" under subsection (d) of Rule 41 include attorney's fees notwithstanding the statute's silence on this point, *id.* at 25–26. Because plaintiffs' and defendants' stipulation was brought pursuant to subsection (a)(1)(A)(ii) of that same rule, "costs" as used in their stipulation can reasonably be inferred to include attorney's fees. Bolstering this inference, and perhaps the strongest support for my conclusion, is that defendants have never alleged—either in their Motion for Attorney's Fees or in their objections to Judge Levy's Report and Recommendation—that "costs" should be understood to exclude attorney's fees. *See* Defs.' Mem. of Law in Supp. of Mot. for Att'y's Fees ("Defs.' Att'y's Fees Mem."), ECF No. 20; Defs.' Reply

the stipulation, *see* R. & R. 3−4, and the terms of the stipulation are unambiguous, I am "required to give effect to the [parties' agreement] as written," *Consarc Corp. v. Marine Midland Bank*, *N.A.*, 996 F.2d 568, 573 (2d Cir. 1993), which should compel the denial of defendants' Motion for Attorney's Fees, as Judge Levy recommended.

Nevertheless, defendants argue that Judge Levy's recommendation is contrary to law because other courts have "considered motions for attorney's fees pursuant to Rule 41(d) notwithstanding the fact that the parties entered into any such stipulation." Defs.' Objs. 8. In support of their argument, defendants highlight two cases in this district, *Neurological Surgery, P.C. v. Aetna Health Inc.*, No. 2:19-CV-4817 (DRH) (ARL), 2022 WL 526409 (E.D.N.Y. Feb. 1), *report and recommendation adopted*, 2022 WL 523599 (E.D.N.Y. Feb. 22, 2022) and *Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-523 (MKB) (SIL), 2018 WL 5801280 (E.D.N.Y. Nov. 6, 2018), *report and recommendation adopted*, 2019 WL 938768 (E.D.N.Y. Feb. 26, 2019), where a party sought attorney's fees under Rule 41(d) despite having signed a stipulation of dismissal indicating that it would bear its own costs. I find neither of these cases persuasive for purposes of defendants' motion.

Turning first to *Liberty Synergistics*, defendants home in on a single footnote wherein the court reasoned that "costs," as used in the parties' stipulation, must include attorney's fees because the parties had agreed to dismiss the underlying litigation *with prejudice*, thereby indicating their intent to "fully and finally resolve" the matter and to not allow for "an entirely separate action for the sole purpose of recovering the very costs they agreed to bear." *See* Defs.' Objs. 9; *Liberty Synergistics*, 2018 WL 5801280, at *3 n.2. The court went on to find that plaintiff's motion to

---

Mem. of Law in Supp. Mot. for Att'y's Fees ("Defs.' Att'ys Fees Reply"), ECF No. 23; Defs.' Mem. in Supp. of Mot. to Set Aside R. & R. ("Defs.' Objs."), ECF No. 31; Defs.' Reply in Supp. of Mot. to Set Aside R. & R. ("Defs.' Reply"), ECF No. 34.

5

recover attorney's fees under Rule 41(d) was therefore a breach of the parties' agreement to bear their own costs. *See id.* at *3. Defendants' argument is difficult to parse. It seems to be that because the *Liberty Synergistics* court concluded that a stipulation of dismissal *with prejudice* evinced the parties' intent to "fully and finally resolve" their underlying litigation and such intent is not evident here—as plaintiffs and defendants stipulated to a dismissal *without prejudice*—defendants Motion for Attorney's Fees should not be viewed as a breach of their stipulation.

As an initial matter, this argument makes several logical leaps. First, the fact that the parties in *Liberty Synergistics* agreed to dismiss their action with prejudice was just one of the factors considered by the court in deciding that a motion for attorney's fees was disallowed by the terms of the parties' stipulation. *See* 2018 WL 5801280, at *3 n.3 ("Here, the [u]nderlying [l]itigation was not dismissed via unilateral action by the plaintiff . . . . Rather, the matter was dismissed with prejudice pursuant to a mutually executed stipulation that explicitly contemplated the parties bearing their own costs."). Second, the court's discussion of the "full[] and final[]" resolution of the underlying litigation informed its determination that "costs," as used in the parties' stipulation, included "attorney's fees." *Id.* In so finding, the court was able to conclude that the plaintiff's motion for attorney's fees violated the terms of the parties' stipulation. Contrary to defendants' suggestion, however, the court never went so far as to state that the plaintiff breached its stipulation *because* the underlying litigation was "fully and finally resolve[d]." *See id.* at *3 & n.3.

Defendants also underscore that, unlike the plaintiffs in *Liberty Synergistics*, "[p]laintiffs [here] were free to file a new suit in whatever forum they chose" because the case was dismissed without prejudice. Defs.' Objs. 9. Because of this, defendants allege that they should be "able to pursue any available relief, including under Rule 41(d)." *Id.* This argument goes against the clear terms of the stipulation, which reserved plaintiffs' right to file a new suit while requiring each

6

party to bear its own costs. As Judge Levy explained, the parties could well have stipulated to any range of terms, including a requirement that plaintiffs would pay defendants' costs in the instance that plaintiffs brought a new suit. *See* R. & R. 4; *see also, e.g.*, *ILC Dover LP v. FloodBarrier, Inc.*, No. 20-CV-21350 (CMA), 2020 WL 9935650, at *1, 3 (S.D. Fla. July 15, 2020) (awarding attorney's fees when the parties' stipulation of dismissal under Rule 41(a)(1)(A)(ii) expressly stated that the defendant was not waiving any rights under Rule 41(d)); *Andrews v. Marshall*, No. 16-CV-814 (SPC) (MRM), 2021 WL 2117912, at *7−8 (M.D. Fla. May 6), *report and recommendation adopted*, 2021 WL 2106515 (M.D. Fla. May 25, 2021) (allowing the defendants to seek attorney's fees when the parties' stipulation under Rule 41(a)(1)(A)(ii) entitled defendants to recover attorney's fees if a new suit was filed). But parties here declined to stipulate to such terms.

Based on the foregoing, I do not find that *Liberty Synergistics* supports defendants' position. Plaintiffs and defendants together executed a stipulation that contemplated each party bearing its own costs, including attorney's fees. *See supra*, note 2. Because of this, defendants' Motion for Attorney's Fees falls within the ambit of the stipulation, even though the matter was dismissed without prejudice.

Nor do I find *Neurological Surgery* particularly helpful to defendants. It is true that the parties in *Neurological Surgery* had stipulated to a dismissal under Rule 41(a)(1)(A)(ii) without prejudice and without costs in the underlying litigation, Stipulation, *Neurological Surgery, P.C. v. Aetna Health Inc.*, No. 18-CV-2167 (JMA), (E.D.N.Y. Sept. 5, 2018), ECF No. 13, and that, notwithstanding this, the court chose to evaluate the propriety of attorney's fees under Rule 41(d), *see* 2022 WL 526409, at *4−5; 2022 WL 523599, at *1, ultimately declining to award them to defendant. Nowhere in the court's discussion, however, is there any mention of the fact that in

7

their stipulation, each party agreed to bear its own costs. *See generally id.* Indeed, the court's only mention of the parties' Rule 41(a)(1)(A)(ii) stipulation appears in a footnote, wherein it is described as a *voluntary dismissal without prejudice*. 2022 WL 526409 at *1 n.1 (making no mention of the parties' agreement to bear costs) (emphasis added). Thus, while defendants are correct that the *Neurological Surgery* court considered a motion for attorney's fees under Rule 41(d) even though the parties had entered a stipulation like the one at issue in this case, it is not clear that the court contemplated whether the parties' stipulation was a bar to recovery under Rule 41(d). Because I am neither bound by *Neurological Surgery* nor persuaded that it stands for the proposition suggested by defendants, I decline to find that it tips the scales in defendants' favor.[3]

Because defendants have failed to show that their Motion for Attorney's Fees can proceed notwithstanding the express terms of their stipulation with plaintiffs, I find that Judge Levy's recommendation to deny defendants' motion on this ground was neither clearly erroneous nor contrary to law. Accordingly, I need not address Judge Levy's second ground for denying defendants' motion: that even if defendants are permitted to seek recovery under Rule 41(d), attorney's fees are not warranted, *see* R. & R. 4–6.

## CONCLUSION

For the foregoing reasons, I adopt Judge Levy's recommendation. Defendants' Motion

---

[3] Nor do I find availing the cases cited to by defendants in their Reply Memorandum of Law in Support of Their Motion for Attorney's Fees, Defs.' Att'y Fee Reply 4: *see Andrews v. Marshall*, No. 16-CV-814 (SPC) (MRM), 2021 WL 2117912, at *7 (M.D. Fla. May 6, 2021), *report and recommendation adopted*, 2021 WL 2106515 (M.D. Fla. May 25, 2021) (stipulation of dismissal stated that the defendants would be entitled to costs if a subsequent action was filed); *ILC Dover LP v. FloodBarrier, Inc.*, No. 20-CV-21350 (CMA), 2020 WL 9935650, at *1 (S.D. Fla. July 15, 2020) (stipulation of dismissal stated that defendant was not waiving "any rights it may have under Federal Rule of Civil Procedure 41(d)"); *Hylton v. Bank of N.Y. Mellon*, No. 20-CV-0021 (NCC), 2021 WL 2476473, at *3–4 (E.D. Mo. June 17, 2021) (action was dismissed under Federal Rule of Civil Procedure 41(a)(2), *not* Rule 41(a)(1)(A)(ii)).

8

for Attorney's Fees is denied.

SO ORDERED.

          /s/
Allyne R. Ross
United States District Judge

Dated:      July 14, 2022
             Brooklyn, New York